**F. E. HARRISON, Appellant**

v.

**PARAMOUNT PICTURES, Inc., et al.**

**No. 11194.**

United States Court of Appeals Third Circuit.

Argued March 4, 1954.

April 6, 1954.

Harry Norman Ball, Philadelphia, Pa. (Morris L. Weisberg, Philadelphia, Pa., on the brief), for appellant.

Earl G. Harrison, Louis J. Goffman, Philadelphia, Pa. (Wm. A. Schnader, Arlin M. Adams, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Morris Wolf, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., Mitchell E. Panzer, Philadelphia, Pa., on the brief), for appellees.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

In this private suit under the antitrust laws the plaintiff who is the owner but not the operator of a motion picture theatre alleged a conspiracy by the defendants unreasonably to restrain trade by denying first run pictures to her theatre. The case was tried to a jury which rendered a verdict for the defendants upon which judgment was entered. A motion by the plaintiff for judgment n. o. v. or a new trial was denied and the present appeal followed.

Upon this appeal the plaintiff urges that she is entitled to judgment n. o. v., in the light of the decree of the District Court for the Southern District of New York in United States v. Paramount Pictures, Inc., 66 F.Supp. 323; Id., 70 F.Supp. 53, affirmed in part and reversed in part 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, final decree 85 F.Supp. 881, affirmed Loew's, Inc., v. United States, 339 U.S. 974, 70 S.Ct. 1031, 94 L.Ed. 1380, because no issue was created which could be submitted to the jury on the impact upon the facts of her case of the conspiracy found to exist in the Paramount case and because she was a person injured, and therefore entitled to sue, under the Clayton Act even though she was a non-operating theatre owner. She also urges that she is in any event entitled to a new trial because of the alleged coercion of a juror by the trial judge and because of errors in the charge of the trial judge to the jury.

All of the foregoing contentions were presented to the district court on the motion for judgment n. o. v. or a new trial.

They were all fully considered and correctly decided against the plaintiff in an able and comprehensive opinion filed by Chief Judge Kirkpatrick, 115 F.Supp. 312. We find ourselves in complete accord with his reasoning and conclusions and need add nothing thereto.

The judgment of the district court will be affirmed.