234 F.2d 518
 MELROSE REALTY CO., Inc.,
v.
LOEW'S, Incorporated; Paramount Film Distributing Corporation; R.K.O. Radio Pictures, Inc.; Twentieth Century-Fox Film Corporation; Columbia Pictures Corporation; Warner Bros. Pictures Distributing Corporation; Stanley Company of America, Inc.; Warner Bros. Circuit Management Corporation; Universal Film Exchanges, Inc.; United Artists Corporation; Dante Iacampo, Individually and Formerly Trading as the Glenside Theatre; Glenside Theatre Corporation and Warner Bros. Theatres, Inc., Now known as Warner Theatres, Inc.
 No. 11760.
 United States Court of Appeals Third Circuit.
 Argued May 22, 1956.
 Decided May 31, 1956.
 Rehearing Denied July 12, 1956.
 
 David H. Rosenbluth, Philadelphia, Pa. (S. Gordon Elkins, Lewis M. Stevens, Philadelphia, Pa., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., on the brief), for appellant.
 Bernard G. Segal, Philadelphia, Pa. (Wm. A. Schnader, Arlin M. Adams, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for Loew's Incorporated, Paramount Film Distributing Corp., RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corp., Columbia Pictures Corp., Universal Film Exchanges, Inc., United Artists Corp.
 Louis J. Goffman, Philadelphia, Pa. (Morris Wolf, Mitchell E. Panzer, Philadelphia, Pa., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., on the brief), for Warner Bros. Pictures Distributing Corp., Stanley Co. of America, Inc., Stanley Warner Management Corp. (formerly known as Warner Bros. Circuit Management Corp.), and Warner Theatres, Inc. (formerly known as Warner Bros. Theatres, Inc.).
 Albert M. Cohen, Philadelphia, Pa. (Cohen & Cohen, Philadelphia, Pa., on the brief), for Glenside Theatre Corp.
 Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the plaintiff from a summary judgment entered by the district court in favor of the defendants in a private antitrust suit. The plaintiff is the owner of the Yorktown Theatre. One of the defendants is the lessee-operator of the Yorktown Theatre. Another is the operator of a neighboring theatre, the Glenside Theatre, another is a motion picture exhibitor, and the others are motion picture distributors and a service company for two of the defendants. The complaint alleged a conspiracy by the defendants in settlement of an antitrust suit brought by the former operator of the Glenside Theatre to permit it to have a key-run of motion pictures equivalent to that enjoyed by the Yorktown Theatre. This, it was averred, resulted in decreased receipts by the Yorktown Theatre which in turn resulted in diminished percentage rentals received by the plaintiff under its lease. Treble damages were claimed.
 
 
 2
 The district court entered judgment for the defendants upon the authority of Harrison v. Paramount Pictures, Inc., 3 Cir., 1954, 211 F.2d 405, certiorari denied 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653. In that case we affirmed a well considered opinion by Chief Judge Kirkpatrick, 115 F.Supp. 312, holding, inter alia, that a non-operating lessor-owner of a motion picture theatre who is entitled to rental based on a percentage of receipts is nonetheless not a "person * * injured in his business or property" within the meaning of section 4 of the Clayton Act, 15 U.S.C.A. § 15, and, therefore, is not entitled to bring suit under the Act for an alleged conspiracy relating to the licensing of pictures at the theatre by the lessee-operator. The rule thus laid down is sound and we adhere to it. It compelled the entry of judgment for the defendants in this case.
 
 
 3
 The judgment of the district court will accordingly be affirmed.
 
 On Petition for Rehearing
 
 4
 Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.
 
 
 5
 PER CURIAM.
 
 
 6
 In a petition for rehearing the plaintiff reiterates its arguments that the case is distinguishable from Harrison v. Paramount Pictures, Inc., 3 Cir., 1954, 211 F.2d 405, certiorari denied 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653, and that in any event that case was wrongly decided by us and should be overruled. We adhere to the rule laid down in the Harrison case. We think that it is a sound rule and that it is applicable to this case. Accordingly the petition for rehearing will be denied.
 
 
 7
 BIGGS, Chief Judge (dissenting).
 
 
 8
 In affirming the decision of the court below, this court has adhered to the principle expressed in Harrison v. Paramount Pictures, Inc., D.C.E.D.Pa.1953, 115 F.Supp. 312, 316-317 and 3 Cir., 1954, 211 F.2d 405, that the lessor of a motion picture threatre, who receives as part of his rent a percentage of admission fees, cannot maintain a suit against its lessee under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, despite the fact that the lessee has conspired against it in violation of the antitrust laws and, in furtherance of the conspiracy, has agreed to show third-run pictures with consequent lower admission fees and lower rent. Recovery is denied the lessor on the ground that it does not possess a property interest cognizable under Section 4 and that the injury to the lessor's property right is too "remote" to give it locus standi.
 
 
 9
 The lessor suffers property damage because of the illegal act of the lessee arising out of the conspiracy and that injury is direct and not remote. The lessor should receive the protection of the Clayton Act. See Steiner v. 20th Century-Fox Film Corp., 9 Cir., 232 F.2d 190, 193.[1] Cf. Hempstead Theatre Corp. v. Metropolitan Playhouses, 1954, 308 N.Y. 712, 124 N.E.2d 332 and Vines v. General Outdoor Advertising Co., 2 Cir., 1948, 171 F.2d 487.
 
 
 10
 I am of the view that this court sitting en banc should review the very important issue presented. For that reason I dissent from the denial of rehearing.
 
 
 
 Notes:
 
 
 [1]
 The Court of Appeals for the Ninth Circuit distinguished the Harrison decisions, 115 F.Supp. 312 and 211 F.2d 405, on the ground that "there were no direct dealings between the plaintiff and defendant * * *" but the record does not support such a view for the lessee in Harrison was alleged to be one of the co-conspirators