**Frederick ROSSI, Joseph Rossi, Nicholas Cucinotti and Dominick Lento**

v.

**McCLOSKEY AND COMPANY and Thomas McDonald, Peter Schultz, Michael McCary, Harry Jericho, and Local 470, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, American Federation of Labor.**

**Civ. A. 19204.**

United States District Court
E. D. Pennsylvania.
March 29, 1957.

Norman Shigon, Philadelphia, Pa., for plaintiffs.

J. Dress Pannell, Lawrence D. Biele, Philadelphia, Pa., for McCloskey & Co.

Edward Davis, Sheldon Tabb, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

In this action, brought by plaintiffs under the Sherman and Clayton Antitrust Acts, 15 U.S.C.A. § 1 et seq., the defendants have moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted and for failure of the plaintiffs to comply with the order of court requiring submission of the second amended complaint within twenty days.

The plaintiffs are truck drivers, members of the defendant Local 470 (four officers of which are also defendants), and erstwhile employees of the defendant, McCloskey and Company, a Philadelphia contractor. Plaintiffs complain of manifold conspiracies: conspiracies among all of the defendants, between the Union and its officers, among McCloskey and other unnamed Philadelphia contractors, and among all the defendants and these contractors. They claim, inter alia, that their reputations have been injured, their "physical and mental conditions" damaged, and their seniority rights, rights to Union welfare funds and to wages disregarded. For these alleged wrongs they seek treble damages, sundry injunctions and reinstatement.

Turning first to the sufficiency of plaintiffs' allegations against McCloskey,[1] they aver substantially that McCloskey, the Union and its officers conspired to and did enter into a collective bargaining agreement which was identical to agreements then existing between other Philadelphia contractors and their employees; that this agreement was made to secure for McCloskey certain benefits then enjoyed by these other contractors, and to enable McCloskey to join with these other contractors in monopolizing the excavation business in Philadelphia. They aver that the agreement was openly opposed by McCloskey's truck drivers because it unfairly limited the "access to the labor market" which they had enjoyed under their prior collective agreement.

■ Few additional facts are stated and, for this reason alone, the complaint might be held fatally deficient. General allegations of conspiracy and of attempts to monopolize are no more than statements of legal conclusions. If they are not supported by statements of fact, no cause for relief is stated. Black & Yates, Inc., v. Mahogany Ass'n, Inc., 3 Cir., 1942, 129 F.2d 227, 148 A.L.R.

841; Feddersen Motors, Inc., v. Ward 10 Cir., 1950, 180 F.2d 519; Nelson Radio & Supply Co., Inc., v. Motorola, Inc., 5 Cir., 1952, 200 F.2d 911, certiorari denied 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356.

■■ A further and equally fundamental defect in the complaint against McCloskey deserves comment. The plaintiffs are not competitors in the excavation business which is allegedly being monopolized, and any injury they may have suffered from the asserted suppression of competition was wholly incidental thereto. Injury which is merely a collateral effect of illegal restraint upon competition is not compensable under the antitrust laws. Those who suffer such injury are not injured "by reason of" antitrust violations within the purport of the statute. 15 U.S.C.A. § 15; Conference of Studio Unions v. Loew's, Inc., 9 Cir., 1951, 193 F.2d 51, certiorari denied 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687; Harrison v. Paramount Pictures, Inc., 3 Cir., 1954, 211 F.2d 405, approving the opinion in D.C., 115 F.Supp. 312; Karseal Corp. v. Richfield Oil Corp., 9 Cir., 1955, 221 F.2d 358; Productive Inventions, Inc., v. Trico Products Corp., 2 Cir., 1955, 224 F.2d 678.

■ Examination of plaintiffs' allegations against the Union and its officers[2] discloses defects of equal moment. Some,[3] such as those which allege slander and infringements of plaintiffs' rights freely to circulate petitions, are so totally unrelated to the antitrust laws on which this suit is founded that they merit no discussion. Others aver that the Union and its officers, in effecting the collective bargaining agreement previously mentioned, have, alone and with McCloskey's aid, discriminated against the plaintiffs in relation to employment and discharge, curtailed their opportunities to work and violated their rights

1. Complaint, ¶'s 6, 9, 10, 11, 13 and 16.

2. Complaint, ¶'s 6 through 16.

3. Complaint, ¶'s 7, 8, 11 and 15.

under past and present collective bargaining agreements.

■■ When a Union conspires with businessmen to control some substantial portion of a market, it is vulnerable under the antitrust laws. Allen Bradley Co. v. Local Union No. 3, 1945, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939. However, the factual allegations in the present complaint are insufficient to bring it within this principle. The meager facts which are alleged relate to discrimination by the Union, a wrong which can find no redress in the antitrust law. "Congress has indicated no purpose to make a union's breach of duty to employees in a collective bargaining group an infraction of the Sherman Act." Hunt v. Crumboch, 1945, 325 U.S. 821, 826, 65 S.Ct. 1545, 1548, 89 L.Ed. 1954. In Labor And The Antitrust Laws—A Preliminary Analysis,[4] Professor Cox, elaborating upon this point, stated:

> "Where a union controls job opportunities, it may abuse its power by limiting access to the trade, arbitrary discrimination, denials of individual liberty or unwarranted discipline; but these are problems primarily affecting labor-management relations or internal union affairs. They have little to do with the purpose of the antitrust laws * * *."

He relied, in part, on the lengthy and authoritative treatment of antitrust policy in relation to labor unions in Apex Hosiery Co. v. Leader, 1940, 310 U.S. 469, 60 S.Ct. 982, 997, 84 L.Ed. 1311, which makes it abundantly clear that " * * * restraints on the sale of employee's services to the employer, however much they curtail the competition among employees, are not in themselves combinations or conspiracies in restraint of trade or commerce under the Sherman Act."[5]

Whether the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., affords a proper basis for plaintiffs' action against the Union and its officers, and the National Labor Relations Board, a proper forum, need not here be decided. See Born v. Laube, 9 Cir., 1954, 213 F.2d 407, certiorari denied 348 U.S. 855, 75 S.Ct. 80, 99 L.Ed. 674.

An additional and wholly procedural ground for dismissal of the second amended complaint must also be considered. The plaintiffs, pursuant to Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A., amended their initial complaint as a matter of course. Thereafter, on January 9, 1956, on plaintiffs' application following argument on defendants' motions to dismiss the first amended complaint, the court granted the plaintiffs leave to file, within twenty days, a second amended complaint.[6] The second amended complaint, however, was not submitted until March 15, 1956.

■ Leave of court, freely given when justice so requires, is a condition precedent to the filing of a second amended complaint, absent the written consent of the adverse parties.[7] To such leave, the court may attach reasonable conditions. Parissi v. Foley, 2 Cir., 1953, 203 F.2d 454; Chicago Pneumatic Tool Co. v. Hughes Tool Co., 10 Cir., 1951, 192 F.2d 620. The plaintiffs failed to comply with the reasonable condition here imposed, that the amended pleading be submitted within twenty days, and for such failure to comply with an order of court the defendants may move, under F.R.C.P. 41(b), for dismissal of the action.

### Order

Now, this 29 day of March, 1957, defendants' motions to dismiss the complaint are granted and plaintiffs' complaint is dismissed.

---

4. 104 U. of Pa.L.Rev. 252, 254 (1955).

5. 310 U.S. 469, 503, 60 S.Ct. 982, 84 L.Ed. 1311.

6. Minutes of court, January 9, 1956: ■■■

"Amended complaint to be submitted within 20 days."

7. F.R.C.P. 15(a); Canister Co. v. Leahy, 3 Cir., 1951, 191 F.2d 255.