**NAGOYA ASSOCIATES, INC., Plaintiff,**

v.

**ESQUIRE, INC., Ziff-Davis Publishing Co., H. M. H. Publishing Co., Inc., Defendants.**

United States District Court
S. D. New York.
Jan. 26, 1961.

Weil, Gotshal & Manges, New York City, and Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant Esquire, Inc., Stephen E. O'Neil, New York City, of counsel.

Rosen, Seton & Sarbin, New York City, for defendant Ziff-Davis Pub. Co., Joseph M. Cohen, Charles B. Seton, Leonard Sacks, New York City, of counsel.

Squadron, Alter & Weinrib, New York City, for defendant H. M. H. Publishing Co., Inc., Howard M. Squadron, Hubert Thurschwell, New York City, of counsel.

DIMOCK, District Judge.

Defendants move to dismiss the amended complaint on the grounds that it fails to comply with the order dismissing the original complaint and that it fails to state claims upon which relief can be granted.

The action is one for disparagement of product and is based on the appearance in various issues of defendants' magazines of advertisements of a metal phonograph record rack manufactured by John Leslie, Jr., a competitor of plaintiff. It is alleged that these advertisements disparaged the quality of plaintiff's metal record rack. The allegedly disparaging advertisements (hereinafter referred to as the "Leslie advertisements") featured drawings of two record racks, one having four legs and the other having eight legs. The eight-legged rack appeared faultless while the four-legged rack was shown to be sagging although only partly loaded. The language describing the depicted racks in the various Leslie advertisements expressed praise for the eight-legged rack and disapproval of the four-legged rack. Advertisements of plaintiff's product appeared in the same issues of defendants' magazines in which the allegedly offending advertisements were published. Plaintiff's advertisements offered a rack for sale and contained a drawing showing that it was four-legged. The advertisements stated that the rack would hold 250 records.

Since the original complaint was dismissed on its face, in determining whether or not the amended complaint complies with the conditions under which leave to amend was granted in the order of dismissal, I may consider only the face of the amended complaint, the face of the original complaint and the terms of the order dismissing it. With only these papers before me, I find that the amended complaint does comply with the terms imposed by the order of dismissal.

The order of dismissal, filed August 30, 1960, provided:

"(1) the complaint is dismissed with leave to serve an amended complaint within 20 days separately stating each claim against each defendant; and

"(2) in the amended complaint, the times and places of each publication of alleged disparaging advertisements must be stated with particularity."

Plaintiff has particularized as well as the subject matter permits "the times and places of each publication" by alleging in its amended complaint that the Leslie advertisements were published "in all states of the United States" and by specifying the monthly issues of defendants' magazines in which each of the Leslie advertisements appeared.

Plaintiff in its amended complaint also fulfills the condition in the order of dis-

missal that it state separately "each claim against each defendant". The damages sought from each defendant are separately stated and the claims are set forth as follows in paragraphs 9 and 10 of the amended complaint:

"9. The aforesaid disparaging statements in advertising have appeared as follows in defendants' publications:

"(a) 'Hi Fi Review'—July 1959, page 80—August 1959, page 80—September, 1959, page 114—October 1959, page 142.

"(b) 'Playboy'—August 1959, page 88—October 1959, page 112.

"(c) 'Esquire'—July 1959, page 115.

A copy of the disparaging advertisement which has appeared in the above defendants' magazines is attached hereto, made part hereof and marked Exhibit 'A'.

"10. The aforesaid disparaging statements and advertising appeared in the same issues of defendants' publications as plaintiff's advertisements, sometimes on the same page with plaintiff's advertisement. A copy of plaintiff's advertisement is attached hereto, made part hereof and marked Exhibit 'B'."

■ For present purposes, I must assume the truth of plaintiff's allegation that Exhibit "A" annexed to the complaint is a copy of the disparaging advertisement which appeared in all the designated issues of defendants' magazines. In these circumstances, it would be folly to demand of plaintiff a separate statement of each claim against each defendant based on the same Leslie advertisement. Similarly, assuming the truth of plaintiff's allegation that it placed the same advertisement of its own product in all the designated issues of defendants' magazines, plaintiff will not be put to the useless labor of repeating the same fact seven times, once for each claim against each defendant. Plaintiff's allegation that in some cases the respective advertisements of the two parties were printed on the same page will be treated as surplusage since the cases are unspecified. Thus the first ground urged for dismissal of the amended complaint must be rejected.

■ Defendants also seek dismissal of the complaint on the ground that it does not state claims on which relief can be granted. On oral argument of the motions, defendants Esquire, Inc. and H. M. H. Publishing Co., Inc. presented to the court the issues of their magazines which contained the allegedly disparaging advertisements. No objection was made to admission of these matters outside of the pleading. Hence under Rule 12(b), F.R. Civ.P., I shall treat these two defendants' motions as ones for summary judgments and shall dispose of them as provided in Rule 56, F.R.Civ.P. The motion to dismiss of defendant Ziff-Davis Publishing Co. is made on the face of the complaint and will be discussed last. No answers to the complaint have been interposed and no affidavits were submitted on any of the motions to dismiss.

■ In actions like the present which are based on multi-state publication of language alleged to be injurious and false, the choice-of-law problem assumes obvious importance. I must of course follow New York conflict of laws doctrine in choosing the appropriate law or laws to be applied in this action. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Mattox v. News Syndicate Co., 2 Cir., 176 F.2d 897, 12 A.L.R.2d 988, certiorari denied 338 U.S. 858, 70 S.Ct. 100, 94 L.Ed. 525. There are, however, no decisions in point in the state courts of New York. Hence I must vicariously create law for the New York courts. One would suppose that decisions elsewhere might furnish some clue as to how the courts of New York would probably decide the present problem. This illusion is quickly dispelled in the light of the large number of conflicting choice-of-law rules applied by courts in the present situation. See Prosser, Interstate Publication, 51 Mich.L.Rev. 959. As to the difference of opinion in this district, contrast, e. g.,

Neiman-Marcus Co. v. Lait, D.C.S.D. N.Y., 13 F.R.D. 311, with Dale System, Inc. v. General Teleradio, Inc., D.C.S.D. N.Y., 105 F.Supp. 745.

Professor Prosser, in the article cited above, suggested the possibility, based on the decisions of the courts, of applying any one of the following conflict of laws rules:

1. The law of each place of impact.

2. The law of defendant's principal place of business.

3. The law of the state of defendant's domicile.

4. The law of the place of plaintiff's domicile.

5. The law of the forum.

6. The law of the plaintiff's principal place of business.

7. The law of the first place of impact.

8. The law of the place of predominant impact.

9. Piecemeal law—i. e., referring different legal issues which arise to the law of separate states.

10. The law of the place of defendant's act, construed in diverse ways— e. g., the place of editing, of printing, of mailing, of delivery to a carrier for shipment, as well as an eleventh possibility which I add, the place of principal circulation.

Defendants could not succeed on this motion under any of the last six of these rules because there is here no evidence upon which a finding as to any of them could be based. Thus the only rules under which defendants could succeed, since there is evidence as to them, are those based on the forum, the defendants' domicile, the defendants' principal places of business (the principal place of business of defendant Esquire, Inc. is alleged in the complaint, while that of defendant H. M. H. Publishing Co., Inc., is not alleged), or plaintiff's domicile. As will hereinafter appear, however, I hold that none of these rules is the law of New York.

■ As above stated, plaintiff alleges publication of the Leslie advertisements in every state of the United States. With great respect for Judge Irving Kaufman's contrary views stated in Neiman-Marcus Co. v. Lait, D.C.S.D.N.Y., 13 F. R.D. 311, supra, I believe that New York would not hold that publication in each state constituted a separate act governed by the law of that state. Such a rule would prove unworkable where trial was by jury, for the jury could not possibly comprehend its instruction in the law of each state where publication occurred. See Mattox v. News Syndicate Co., 2 Cir., 176 F.2d 899, 12 A.L.R.2d 988, certiorari denied 338 U.S. 858, 70 S.Ct. 100, 94 L.Ed. 525. Certainly the difficulties of applying such a rule would be extreme even in a nonjury trial. Moreover, a separate publication rule would subject publishers of a single item to separate suits in all states where the item was published, certainly a prospect which would greatly discourage freedom of expression. See Prosser, Interstate Publication, 51 Mich.L.Rev. 959, 969–970, supra. I hold therefore that New York would apply a single publication concept to the multi-state publications in the present action. In choosing the single law which it would apply, New York clearly would not choose its own substantive law solely because it was the forum. Nor do I think that the laws of the state of the defendant's domicile or of its principal place of business would be found suitable, for they would have no necessary or probable connection either with the place of injury or with the place of publication. Further, the choice of the law of the state of the defendant's domicile would afford a defendant the opportunity to choose the law most favorable to him and professional publishers of falsehood certainly would take full advantage of this opportunity.

Only one other choice-of-law rule remains which could result in summary judgment for defendant on the basis of the facts before me, and that is the law of the place of plaintiff's domicile. This rule would provide certainty and ease of

application. Dale System, Inc. v. Time, Inc., D.C.D.Conn., 116 F.Supp. 527. Yet it seems too arbitrary a choice since it has no necessary or even probable connection either with the place of injury or with the place of publication.

The motions for summary judgment are denied without prejudice.

The motion made by defendant Ziff-Davis Publishing Co. to dismiss the complaint on its face could be granted only if plaintiff could not possibly prevail under any state of facts which could be proved in support of the claim. Rosen v. Texas Co., D.C.S.D.N.Y., 161 F. Supp. 55. Here plaintiff has merely failed to plead the applicable law which governs this action. Plaintiff can submit evidence of the applicable law on the trial and may conceivably prove that it is entitled to relief under it. Hence defendant Ziff-Davis Publishing Co.'s motion to dismiss the complaint on its face must be denied.

The motions to dismiss are denied.

So ordered.