SKOURAS THEATRES CORPORATION et al., Plaintiffs

v.

RADIO–KEITH–ORPHEUM CORPORA-TION et al., Defendants.

BROADWAY & NINETY–SIXTH STREET REALTY COMPA-NY et al., Plaintiffs

v.

LOEW'S, INCORPORATED et al., Defendants.

United States District Court
S. D. New York.

March 29, 1961.

**402**

Weisman, Celler, Allan, Spett & Sheinberg, New York City, Milton C. Weisman, Adolph Kaufman, Joseph A. Ruskay, Ralph Schwarz, New York City, of counsel, for plaintiffs.

Leonard Kaufman, New York City, for defendants Paramount Pictures Corporation, Paramount Pictures, Inc. and Paramount Film Distributing Corporation.

Simpson, Thacher & Bartlett, New York City, for defendants. Paramount Pictures Corporation, Paramount Pictures, Inc. and Paramount Film Distributing Corporation and American Broadcasting Paramount Theatres, Inc.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant United Artists Corporation.

Myles J. Lane, New York City, for defendants Stanley Warner Management Corporation and Stanley Warner Corporation.

Ferdinand Pecora, New York City, for defendant Columbia Pictures Corporation.

Adolph Schimel, New York City, for defendants Universal Pictures Corp., Inc. and Universal Film Exchanges, Inc.

Howard Levinson, New York City, for defendants Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corporation and Warner Bros. Pictures, Inc. (In Dissolution).

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Louis Nizer, E. Compton Timerlake, Gerald F. Phillips, New York City, of counsel, for defendant Metro-Goldwyn-Mayer, Inc. (sued herein as Loew's, Incorporated).

DIMOCK, District Judge.

In these two private treble damage antitrust actions consolidated for the purpose of trial, hereinafter referred to respectively as the Skouras case and the Broadway case, defendants move for partial summary judgment on several distinct grounds.

Plaintiffs, describing themselves as theatre operators of almost fifty theatres in the New York Metropolitan area, are suing certain distributors and exhibitors of motion pictures. Defendants herein were either defendants in the case of United States v. Paramount Pictures, Inc.,[1] or are corporations which were organized pursuant to decrees in that case to acquire or succeed to the assets of certain of the defendants there. The amended complaints in the present actions charge defendants with engaging in a widespread conspiracy in the motion picture industry against plaintiffs. Plaintiffs assert that the acts and practices of the defendants, alleged to have been committed over a period dating from 1931 down to the time when the original complaints were filed in 1953, encompass virtually the entire variety of activity for which defendants were held liable in the Paramount action.

Defendants first seek a determination of the earliest date of the period with respect to which damages may be claimed as to each defendant. Concededly, the present federal statute of limitations governing private antitrust actions, 69 Stat. 283, 15 U.S.C. § 15b, is not applicable because it applies only to actions begun after January 7, 1956, and the present actions were begun in 1953. In the absence of an applicable federal statute of limitations, the statutes of New York, the forum, will govern. Bertha

---

1. D.C.S.D.N.Y.1946, 66 F.Supp. 323; D.C.S.D.N.Y.1947, 70 F.Supp. 53; 1947, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260; D.C.S.D.N.Y.1950, 85 F.Supp. 881; Loew's, Inc. v. United States, 1950, 339 U.S. 974, 70 S.Ct. 1031, 94 L.Ed. 1380; 1950, 340 U.S. 857, 71 S.Ct. 69, 95 L.Ed. 627.

Building Corp. v. National Theatres Corp., 2 Cir., 269 F.2d 785, 788, certiorari denied 361 U.S. 960, 80 S.Ct. 585, 4 L. Ed.2d 542.

Defendants assume for the purpose of this motion that the New York six year statute of limitations applies to all claims relating to plaintiffs' theatres located in New York State.[2] See N.Y.Civ.Prac.Act § 48(2); Bertha Building Corp. v. National Theatres Corp., 2 Cir., 269 F.2d 785, certiorari denied 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542, supra. Defendants also assume for the purpose of the present motion that the running of the statute of limitations was tolled during the pendency of the Paramount action as to claims against those defendants who were also defendants in Paramount. See section 5 of the Clayton Act, 38 Stat. 731, 15 U.S.C. § 16.[3] The problem then is to determine the date of the termination of the pendency of the Paramount action as against each defendant in that action who is here a defendant.

The Paramount action was begun on July 20, 1938, and continued over a protracted period that embraced numerous decisions, appeals and decrees. Theoretically, the parties here might advance many dates as those of the termination of the pendency of the Paramount case with respect to the various defendants, but, perhaps because the parties had in mind the large number of decisions which have already passed on the problem, they have advanced comparatively few dates.

In determining when the tolling period ceased as to each defendant, I shall be guided by the purpose of this tolling provision—to preserve, as against the bar of the statute of limitations, the right of injured parties to take advantage of a court determination that may have taken so long to obtain that the statute would normally have run against actions to recover for the injuries caused by the acts determined to be unlawful. See, e. g., Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 213 F.2d 284.

After trial but while the Paramount action continued as to other defendants, the court, on March 3, 1949, entered therein a consent decree as to Paramount Pictures, Inc. and Paramount Film Distributing Corporation. The decree provides that it will be of "no further force and effect and this cause shall be restored to the docket without prejudice to either party" if the stockholders of Paramount Pictures, Inc., do not approve of the proposed reorganization contained in the decree prior to April 19, 1949. The required stockholder approval was given on April 12, 1949, and the court entered a nunc pro tunc order on April 21, 1949, severing and terminating the action against the two Paramount defendants, and rendering the judgment conclusive as of March 3, 1949. Defendants contend that the Paramount action terminated as to the two defendants subject to the consent decree on March 3,

2. I have already held on a prior motion by defendants for partial summary judgment that New York would apply the New Jersey two year statute of limitations for actions to recover a penalty to all of plaintiffs' claims which relate to their theatres in New Jersey. See 179 F.Supp. 163.

3. Section 5 of the Clayton Act, before its 1955 amendment which is not here applicable, provided:

"A final judgment or decree rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* This section shall not apply to consent judgments or decrees entered before any testimony has been taken.

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

1949, the date of entry of the decree, while plaintiffs argue for April 12, 1949, the date of shareholder approval. I shall follow Judge Ryan in Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y., 117 F.Supp. 747, 763–764, and find as the terminated date April 12, 1949.

According to computations agreed to by all parties the effect of fixing the terminated date of the Paramount case at April 12, 1949, is to make the earliest date of the period with respect to which damages may be claimed against Paramount Pictures, Inc. and Paramount Film Distributing Corporation September 10, 1936 in the Skouras case and September 8, 1936 in the Broadway case.

After the 1948 Supreme Court decision in the Paramount action, the district court undertook further proceedings pursuant to the order of remand. The district court then rendered a decision and decrees were entered from which several defendants did not appeal. The sole issue the parties raise here is whether the action was terminated as to the non-appealing defendants when the decrees were entered or when the time to appeal expired. I hold that the Paramount action ceased to be pending upon expiration of the time to appeal, April 8, 1950, for only then would the decrees be final and admissible in private antitrust actions. For cases choosing the same date, see, e. g., Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 8 Cir., 194 F.2d 846, 858, certiorari denied 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1348; Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y., 117 F.Supp. 747, 761; Electric Theatre Co. v. Twentieth Century-Fox Film Corp., D.C.W.D. Mo., 113 F.Supp. 937, 944.

According to the agreed computation of counsel the effect of fixing the terminated date of the Paramount case at April 8, 1950 is to make the earliest date of the period for which damages may be claimed against Columbia Pictures Corporation, United Artists Corporation, Universal Pictures Company, Inc. and Universal Film Exchanges, Inc., September 14, 1935 in the Skouras case and September 12, 1935 in the Broadway case.

The district court's decision in Paramount was appealed by some defendants and the Supreme Court affirmed and denied a rehearing. Plaintiffs contend that the Paramount action continued to be pending as to the appealing defendants until the dates subsequent to the Supreme Court's denial of rehearing when consent decrees were entered against each of them. The argument is without merit. When the Supreme Court denied rehearing there were decrees in force as to these defendants which fully adjudicated the alleged antitrust violations. The purpose of the consent decrees that followed was merely to provide a method of enforcing the liability which had already been determined. The Paramount action thus ceased to be pending against the appealing defendants—Warner Brothers Pictures, Inc. (In Dissolution), Warner Brothers Circuit Management Corporation, Warner Brothers Pictures Distributing Corporation and Loew's, Inc.—when they were denied a rehearing on October 16, 1950. Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y., 117 F.Supp. 747, 761.

According to the agreed computations of counsel the effect of fixing the terminated date of the Paramount case at October 16, 1950 is that as to Warner Brothers Pictures, Inc. (In Dissolution), Warner Brothers Circuit Management Corporation and Warner Brothers Pictures Distributing Corporation, all claims arising before March 6, 1935 in the Skouras case and before December 16, 1934 in the Broadway case are time-barred. Similarly as to Loew's, Inc., which is named as a defendant in the Broadway case only, all claims in that case arising before March 4, 1935 are time-barred.

The next determination sought is the correct period of limitation in the cases of defendants herein who were not defendants in the Paramount action. The defendants in question were organ-

ized pursuant to decrees in the Paramount case to acquire or succeed to the assets of certain of the Paramount defendants. The pendency of the Paramount action did not, without more, toll the statute of limitations as to those not defendants in that action. See, e. g., Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 213 F.2d 284, 291; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, 48, certiorari denied 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118. Thus these successor corporations cannot be held liable for any conduct which they either performed or participated in as co-conspirators if such conduct occurred more than six years before the commencement of the present actions. Plaintiffs allege, however, that the successor corporations contracted to assume the obligations and liabilities of their predecessors. Defendants do not deny this allegation. In these circumstances, plaintiffs are entitled to try to establish that they are third-party creditor beneficiaries of the successor corporations' promises to assume their predecessors' liabilities. If plaintiffs succeed in demonstrating that they have such a status, then they may, by suit against the successor corporations, enforce liability of the predecessor corporations. See Gordon v. Loew's Inc., D.C.D.N.J., 147 F. Supp. 398, affirmed on other grounds 3 Cir., 247 F.2d 451. In the event that plaintiffs do show their standing as third-party beneficiaries, the successor corporations may of course avail themselves of any defense based on the statute of limitations which would be available to their predecessor corporations. The agreement to assume the tort liability of another does not start the running of a new limitation period as would a new promise by a debtor to pay his debt.

■ Defendants' next ground for partial summary judgment is also based on the statute of limitations. A determination is sought that all claims relating to the alleged forcing of plaintiffs into certain theatre pooling agreements [4] made on August 19, 1932, and July 31, 1934, are barred by the 6 year statute of limitations. It is settled that a claim for an invasion of the plaintiff's rights pursuant to a civil conspiracy accrues for the purpose of the statute of limitations at the time when the injury is inflicted, despite the continuing nature of the conspiracy. E. g., Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248, certiorari denied Kaplow v. Reinfeld, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60; Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Ltd., 9 Cir., 185 F.2d 196, certiorari denied 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680; Momand v. Universal Film Exchange, Inc., D.C.D.Mass., 43 F.Supp. 996, affirmed 1 Cir., 172 F.2d 37, certiorari denied 336 U.S. 967, 69 S. Ct. 939, 93 L.Ed. 1118. The pooling agreement of 1932 was terminated and cancelled on May 28, 1934. Since the periods of limitations for claims against the defendants do not go as far back as the date of termination of the 1932 agreement, plaintiffs' claim based on that agreement is time-barred regardless of the precise point during the course of the agreement when injury was inflicted.[5] The crux of the problem is the May 28, 1934, pooling agreement which lasted until July 31, 1937. Defendants on this motion do not put in issue the time of ac-

---

4. Plaintiffs in their amended complaints define pooling agreements as follows:

"Agreements by which theatres of two or more exhibitors normally in competition with each other are operated as a unit where most of their business policies are collectively determined by a joint committee or by one of the exhibitors and by which profits of the theatres included in the agreement are divided among the owners or operators accord-ing to the provisions of such agreements."

5. For the same reason, plaintiffs concede for the purpose of this motion that claims under the Warner-Skouras pooling agreement of New Jersey theatres, created September 3, 1935, are barred by my prior decision holding that the New Jersey two year statute of limitations is applicable to claims relating to plaintiffs' theatres located in New Jersey.

406

crual of the statute of limitations insofar as another agreement extending the pool beyond 1937 is concerned. They do, however, seek a determination that the statute on plaintiffs' claim based on the 1934 agreement started to run the very day that the agreement was made. Defendants argue that, for the purpose of the statute of limitations, plaintiffs suffered but one injury because of this agreement. Plaintiffs vigorously oppose defendants' single injury concept and argue that each overt act performed pursuant to the pooling agreement constituted a separate injury for the purpose of the statute of limitations. Thus while a claim based on the original execution of that agreement might be time-barred, plaintiffs nevertheless assert a right to sue for subsequent acts under the agreement which occurred within the permissible period of limitations. Plaintiffs' position, if accepted, would create an exception to the general rules formulated by the decisions construing the statute of limitations in cases of a continuing civil conspiracy. Thus claims for being forced into a lease or other agreement, or for being forced to discontinue a business, which acts are alleged to be part of a continuing antitrust conspiracy, have been held to accrue for the purpose of the statute of limitations when the lease or other agreements were entered into or when the business was in fact discontinued. E. g., Steiner v. 20th Century-Fox Film Corp., 9 Cir., 232 F.2d 190 (lease; option to renew lease; discontinuance of business); Muskin Shoe Co. v. United Shoe Machinery Corp., D.C.D. Md., 167 F.Supp. 106 (lease); Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248, certiorari denied Kaplow v. Reinfeld, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (agreement); Fleischer v. A. A. P., Inc., D.C. S.D.N.Y., 180 F.Supp. 717 (agreement); Levy v. Paramount Pictures, Inc., D.C. N.D.Cal., 104 F.Supp. 787 (discontinuance of business).

I fail to see any difference so far as applying the statute of limitations is concerned between the present pooling agreement and the other sorts of agreements in the cases cited above. The injury was inflicted when the agreement was made and the consequent overt acts resulting from the agreement were merely damages which flowed from the original agreement. Plaintiffs contend that their agreement is distinguishable because it was void and illegal from its inception, but by hypothesis the agreements in the other cases were voidable as violative of the antitrust laws and I can see no reason to conclude that the status of a contract as void or voidable has any bearing upon the determination of the question whether the injury caused by its execution takes place when it is executed or when the damages accrue. Plaintiffs further claim that the continued overt acts of defendants forced plaintiffs to operate under the pooling agreement. Insofar as those alleged overt acts were not sanctioned by the pooling agreement, they gave rise to separate injuries for the purpose of the statute of limitations and insofar as those alleged overt acts were sanctioned by the pooling agreement, they comprised damages which flowed from the single injury.

It is impossible to say at this point whether certain modifications of the pooling agreement which took place within the period where the bar of the statute has not yet fallen started new limitation periods or whether they were so inconsequential that plaintiffs' rights were not affected. I do not know how to judge as between an old pooling agreement which has had an inconsequential change and one which is in substance a new agreement better than to determine whether damages have resulted from the agreement as changed which would not have been suffered as a result of the original form. If the latter, the modified agreement is in substance a new injury for the purpose of the statute of limitations. The determination cannot be made, however, without evidence as to the damage and that is lacking here. I therefore cannot pass upon the question whether the modifications constitute new injuries which would start the running of new limitation periods or whether

they constitute nothing more in substance than the old contract against the results of which the statute has run.

I now pass from issues involving the statute of limitations. Defendants seek a determination that plaintiffs have no standing to assert claims for damages to the Playhouse Theatre or the Lynbrook Theatre or, for the period prior to May 7, 1951, the Ward Theatre. Defendants say that plaintiffs lack such standing because they were merely non-operating landlords of the three theatres.

Plaintiff Skouras Theatres Corporation and Century Theatres (not a party to these actions) during the period for which damages are claimed subleased the Playhouse and Lynbrook Theatres to two corporations the stock ownership of which was divided equally between Skouras and Century. The net operating revenues of the two corporations were by agreement divided equally between Skouras and Century. Skouras conducted all business transactions with the defendants in behalf of the sublessee corporations, and received a management fee in payment for its services. The two corporations which respectively subleased the Playhouse and Lynbrook Theatres are not parties to the present actions.

Prior to May 7, 1951, plaintiff Youngstown Theatre Corporation subleased the Ward Theatre to a corporation which further subleased the Ward to a corporation not a party to these actions. The sub-sublessee corporation was owned by Skouras and Skouras conducted all business transactions in behalf of the corporation with defendants.

■■ Section 4 of the Clayton Act, 38 Stat. 731, 15 U.S.C. § 15, affords a right of action to "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws". The language of the section is broad but courts have restricted the right to sue thereunder to persons who are directly injured in their business or property. E. g., Productive Inventions, Inc. v. Trico Products Corp., 2 Cir.,

224 F.2d 678, certiorari denied 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818; Melrose Realty Co., Inc. v. Loew's, Inc., 3 Cir., 234 F.2d 518. In legal contemplation, the motion picture theatres injured by the alleged conspiracy were under the control of the three sublessee corporations, and only those corporations are entitled to redress of the wrongs inflicted. The fact that plaintiffs were the landlords of the theatres avails them nought. Harrison v. Paramount Pictures, Inc., 3 Cir., 211 F.2d 405; Melrose Realty Co., Inc. v. Loew's, Inc., 3 Cir., 234 F.2d 518. Nor is plaintiffs' ownership of the sublessee corporations of any aid, for even a shareholder who wholly owns the corporation cannot sue in its stead. Westmoreland Asbestos Co., Inc. v. Johns-Manville Corp., D.C.S.D.N.Y., 30 F.Supp. 389, 32 F.Supp. 731, affirmed on opinion below 2 Cir., 113 F.2d 114. Nor are plaintiffs' direct dealings with the defendants and their management of the business of the sublessees sufficient to confer upon them standing. "Shareholders and officers of corporations as well as creditors and landlords have been held not to have standing to sue for treble damages." Productive Inventions, Inc. v. Trico Products Corp., 2 Cir., 224 F.2d 678, 679, certiorari denied 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818. The fact that plaintiffs have more than one of the above statuses does not lead to the conclusion that they have standing to sue. Plaintiffs created corporations to hold the theatres under subleases in order to obtain the benefits of such an arrangement. They may not now successfully pierce the veils of the corporate sublessees to avoid the burdens of the arrangement.

■ Defendants as their last ground for partial summary judgment seek a determination that all claims accruing after December 30, 1949, are barred as to defendant Paramount Pictures, Inc., because it was dissolved on that date and has since transacted no business. An assistant Secretary of the dissolved corporation submits an affidavit in support of

the motion which states in its pertinent part:

"2. On December 30, 1949 Paramount Pictures, Inc. transferred all of its assets either to Paramount Pictures Corporation or to United Paramount Theatres, Inc. now known as American Broadcasting-Paramount Theatres, Inc.

"3. Since December 30, 1949, Paramount Pictures Inc. has conducted no business of any type."

Plaintiffs do not dispute the above allegations. I therefore accept them as true, and find that on December 30, 1949, the dissolved corporation lost its capacity to injure plaintiffs and its susceptibility to the imputation of liability for the acts of others. All claims accruing after December 30, 1949 are barred as against Paramount Pictures, Inc.

Settle order on notice.