**In the Matter of POSITIVE DIRECTIONS UNLIMITED, INC., Debtor.**

**Jordan BERNSTEIN, as a shareholder of Positive Directions Unlimited, Inc., a New Jersey Corporation, and Jordan Bernstein, individually, Plaintiffs,**

**v.**

**POSITIVE DIRECTIONS UNLIMITED, INC., a New Jersey Corporation, Maria Poskanzer and Eileen Coyle, individually in their corporate capacity as shareholders, Defendants.**

**Bankruptcy No. 82–0809.**

United States Bankruptcy Court, D. New Jersey.

Dec. 12, 1985.

Weiner, Staubach, Edelson & Hopmayer by Ronald A. Cohen, Roselle Park, N.J., for plaintiffs.

D. Gayle Loftis, for Maria Poskanzer and Eileen Coyle.

## OPINION AND ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

Maria Poskanzer and Eileen Coyle, defendants in the above captioned proceedings, move to dismiss the complaint for the plaintiff's failure to comply with Federal Rules of Civil Procedure 4, 9, 12[b], 19 and 23.1. The complaint charges defendants with fraud and mismanagement in the conduct of the affairs of the debtor corporation. Plaintiff Bernstein brings this action on behalf of himself and the debtor corporation.

Following a hearing on the motion, a consent decree was entered on April 8, 1983, directing Bernstein to (1) submit a more definite statement of the matters alleged pursuant to Rules 9[b] and 23.1 within ten days of the entry of the order; (2)

serve the amended complaint upon the defendants' attorney within the same ten day period; and (3) serve the debtor's trustee with the amended complaint within that ten day period.

A review of the records of the Clerk's office indicates that the amended complaint was filed on April 25, 1983. An affidavit filed by the defendants' attorney alleged that service was not made until April 30, 1983. A certification of Jordan Bernstein's counsel was filed on May 19, 1983, setting forth service upon the defendants' attorney and this Court on April 5, 1983, a full three days prior to the entry of the consent order. Further, Bernstein's counsel alleges the statement of defendants' attorney to be "materially false and misleading and is nothing more than an effort to set up a smoke screen."

On June 21, 1983, the defendants moved to dismiss the complaint on grounds including noncompliance with the consent order of April 8, 1983. The Court now deals with that issue, specifically, whether the law of federal civil procedure calls for the dismissal of a complaint for failure to timely serve in accordance with the order of this Court.

From its inception, Rule 15, pertaining to the amendment of pleadings, has been given a liberal interpretation by the federal courts. *See* 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1471 (1971). Rule 15 itself states that leave to amend shall be given freely. F.R. C.P. 15[a]. This does not, however, suggest that leave be given in all cases. Wright & Miller, *supra* at § 1487. Rule 15[a] gives the court extensive discretion to decide whether to grant leave to amend and, furthermore, to impose conditions on the allowance of a proposed amendment. *Id.* at § 1486. It has been observed that the failure to comply with conditions imposed by the court will generally result in a dismissal of the complaint.[1] The case law appears to be totally supportive.

---

1. "The moving party's refusal to comply with     the conditions imposed by the court normally

In *Rossi v. McCloskey and Co.*, 149 F.Supp. 638 (E.D.Pa.1957), union members brought an antitrust action against their employer, the union, and officers of the union. The court granted plaintiffs leave to file an amended complaint within twenty days, deeming such a time limit to be reasonable. Finding that plaintiffs failed to comply with the court's directive, the complaint was dismissed. *Id.* at 641. *Accord Thompson v. Johnson*, 253 F.2d 43 (D.C. Cir.1958).

With respect to the proper test for determining compliance with a condition placed on a leave to amend, *Nagoya Associates, Inc. v. Esquire, Inc.*, 191 F.Supp. 379 (S.D. N.Y.1961), provides a concise and rational standard. In *Nagoya*, Judge Dimock ruled that he would only examine the face of the original pleading, the face of the amended pleading, and the terms of the order entered by the court. *Id.* at 380.

The foregoing clearly demonstrates this Court's inherent power to use its discretion in granting leave to amend a pleading, pursuant to F.R.C.P. 15. Further, the attachment of a time limitation on the filing of an amended pleading is also within the court's discretion. Clearly, this Court acted reasonably in entering its April 8, 1983 order containing a ten day time limitation. The order was, in fact, consented to by all parties.

The established facts herein speak loudly. This Court's own records reflect a filing date of April 25, 1983, well after the expiration of the allotted time. Defendants' attorney avers to an even later date, April 30, 1983. The Court has some difficulty with the alleged mailing by the plaintiff's attorney, since his stated date of April 5, 1983 predates the court order by three days.

The Court finds that the plaintiff clearly failed to file the amended complaint within the time granted by this Court. Accordingly, and by reason of law as an-

nounced in *Rossi v. McCloskey and Co.*, *supra*, and *Thompson v. Johnson*, *supra*, the motion to dismiss is granted.

It is so ordered.

will result in a denial of the right to amend. This frequently occurs in the analogous situation in which the district court grants a motion to dismiss the original pleading unless it is amended to comply with the court's order within a certain time period." 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1486 (1971).