**CARRIER CORP.**
v.
**SIMS MOTOR TRANSPORT LINES, Inc. et al.**

**No. 51 C 743.**

United States District Court,
N. D. Illinois.

Oct. 19, 1953.

leges that it purchased steel plate from the defendants Schultz, which the defendants Sims were to pick up at the railroad and deliver to the plaintiff. The defendants Schultz were to be paid $91,080 therefor upon presentation to the Harris Trust and Savings Bank of certain documents, including a bill of lading. The defendants Sims executed a bill of lading for the steel upon representation by the defendants Schultz that the railroad had a shipment thereof ready for pickup. There is the further allegation that the bill of lading was presented to the Bank by the defendants Schultz and payment received therefor. There was, however, no steel ready for delivery. The plaintiff brought suit for $91,080, the action being predicated upon the issuance of a false bill of lading.

The defendant, Elmer W. Sims, has filed a counterclaim in three counts, the first for malicious prosecution, the second for malicious abuse of process, and the third for abuse of process. The counterclaim charges the plaintiff with having instigated a Federal Grand Jury investigation in July, 1951, which resulted in an indictment (for falsely making a bill of lading); that the plaintiff falsely caused a warrant of arrest of the counterclaimant; that he was taken into custody and gave bond, was arraigned and pleaded not guilty; that the indictment was dismissed on motion of the District Attorney on March 30, 1953; that the plaintiff demanded payment of the counterclaimant of $91,080, knowing the defendant was not indebted to the plaintiff, and caused the defendant's arrest in order to extort payment of the sum.

John J. Faissler, Sonnenschein, Berkson, Lautmann, Levinson & Morse, Chicago, Ill., for plaintiff.

Raymond F. Hayes, Finn, Hayes & Shehee, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

The plaintiff has moved to dismiss Counts II and III of a counterclaim filed by Elmer W. Sims, counterclaimant. In the original complaint the plaintiff al-

The plaintiff seeks the dismissal of the second and third counts of the counterclaim for the following reasons: (1) failure to state a claim upon which relief can be granted; (2) the respective counts arising out of the same transaction do not state separate claims; (3) the pleadings are too verbose, thereby violating Rule 8, Fed.Rules Civ.Proc. 28

U.S.C.A.; (4) there was no perversion of process as is required to constitute a cause of action for abuse of process.

■ Although the counts of the counterclaim allege causes of action arising out of the same transaction, the three counts allege distinctly different legal theories. There is a distinction between malicious prosecution (Count I) and abuse of process. White v. Holderby, 5 Cir., 192 F.2d 722. In the Annotation in 14 A.L.R.2d 264, at page 322, it is said:

"Although the terminology of the two causes of action namely, 'malicious use of process' and an 'abuse' or 'malicious abuse' of legal process may, at first blush, seem to indicate the same thing, a clear distinction between the two is apparent from an examination of the cases * * * (citing Emery v. Ginnan, 24 Ill.App. 65)."

■ It is permissible to set forth as many causes as arise from a single occurrence. In Crim v. Lumbermen's Mutual Casualty Co., D.C., 26 F.Supp. 715, 718, it was said:

"The Federal Rules permit a party to state his case as extensively as he wishes. He is not confined to one theory if more than one will apply. Here the plaintiff may succeed by proof of either one of the counts."

See also George v. Leonard, 4 Cir., 169 F.2d 177. Rule 8(e)(2) provides that a party may set forth two statements of claim alternately, either in one count or in separate counts.

In Bonney v. King, 201 Ill. 47, at page 51, 66 N.E. 377 at page 378, the court said:

"Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceeding. * * * Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process. *The declaration does not aver either that the plaintiff was arrested or his property seized.* * * * That action lies for the improper use of process after it has been issued, not for maliciously causing process to be issued."

In American Jurisprudence § 8, under the heading "Abuse of Process", in the Supplement, it is said:

"* * * an action for malicious abuse of legal process will lie where legal process has been employed for some object other than that which it was intended by law to effect, for example, *where a man has been arrested * * * in order to extort money from him,* * * *."

■ As to the assertion that the pleadings are too verbose, thereby violating Rule 8, the Court is of the opinion that this position is not tenable. See Chambers v. Cameron, D.C., 29 F.Supp. 742; Gutmann & Co. v. Rohrer Knitting Mills, D.C., 9 F.R.D. 67; Condol v. Baltimore & O. R. Co., D.C.Cir., 199 F.2d 400; Topping v. Fry, 7 Cir., 147 F.2d 715.

The motion of the plaintiff and counterdefendant to dismiss Counts II and III of the counterclaim of Elmer W. Sims is denied and the plaintiff and counterdefendant is directed to file a responsive pleading to the counterclaim within twenty (20) days from the date hereof.