W. Clarke CUNNINGHAM, Trustee in Bankruptcy for Balentine Packing Company, a corporation, Plaintiff,

v.

Benjamin D. JAFFE, Jacob Schwartz, Joseph H. Jaffe and Melvin Schwartz, Defendants.

Civ. A. No. 4378.

United States District Court
W. D. South Carolina,
Greenville Division.

June 8, 1965.

C. Thomas Wyche, of Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

Thomas T. Moore, of Robinson, McFadden & Moore, Columbia, S. C., for defendants.

HEMPHILL, District Judge.

Decision is sought in this forum on motion of the trustee in bankruptcy to amend the Complaint to incorporate certain claims for relief against defendants previously named and served in an action originally commenced in the Court of Common Pleas for Greenville County, South Carolina, by the Chairman of the Board of the Bankrupt in his name and in the name of the bankrupt corporation, seeking judgment against the defendants for $100,000 and the cancellation of certain notes and mortgages, Complaint alleged that same were in the hands of defendants as payees wrongfully because of their violation of duties as officers

and directors of the Bankrupt.[1] In due time the trustee in bankruptcy was substituted as plaintiff.

Alleged is that bankrupt organized as a Delaware Corporation in August 1962, purchased the assets of a South Carolina Corporation having a similar name. The stated consideration for the purchase was $500,000 and thereafter defendants were elected to their respective positions of authority and trust in the corporation's personnel structure. As of December 1, 1962, the Bankrupt had an operating deficit of $44,000, more or less, and on March 9, 1963, defendants as officers and directors sold all of their stock to the corporation; the result of this sale and the activities in connection therewith, and thereafter, including the execution and/or payment and/or assignment of certain notes and mortgages in connection therewith are the subject matter of the original suit.

Previously this matter was before this Court [2] upon defendants' contention that the Referee in Bankruptcy had, at a creditor's hearing, wrongfully engaged upon a finding as to the merits of the controversy and that, therefore, defendants had not had their "day in court." This Court by Order preserved the status quo of the proceedings before the Referee in Bankruptcy, referred the issues raised in the original suit.[3] Plaintiff now seeks to amend the Complaint in Civil Action No. 4378 to allow petitions for relief on issues joined by allegations, not yet denied as no answer is due, because of alleged excessive salaries and expenses, including attorneys' fees, wrongfully paid by defendants in their positions of trust and responsibility as officers and directors of the bankrupt corporation.

Defendants complain that the amendment will be prejudicial, that they are entitled to be personally served with process which incorporate the new petitions (complainant's cause of action) for relief, instead of inclusion herein for the review by the Special Referee heretofor agreed upon by the parties. This Court fails to find any prejudice, but, on the other hand, determines that justice would be best served, and prolific litigation and expensive processes avoided by allowance of the amendment. What prejudice can possibly be obtained by having all the issues determined at one time?

A noted writer on the Federal Rules has observed:

Great freedom is allowed in amending pleadings in order to assert matters which occurred before the filing of the original pleading but were overlooked by the pleader or were unknown to him at the time. A party may amend his pleading once a matter of course at any time before a responsive pleading has been served, or within 20 days after service of his pleading if no responsive pleading is required. A motion is not a "responsive pleading," within the meaning of Rule 15(a), and thus the right to amend as of course is not defeated because the other party has filed a motion attaching the pleading. Indeed even where the motion is granted, as where a complaint is dismissed for failure to state a claim on which relief can be granted, the party has the right to file an amended pleading as of course, though this right must be exercised in a reasonable time.

---

1. Consistent allegations in the original Complaint and in the proposed amendment describe defendants as Directors of the bankrupt; defendant Joseph Jaffe as Vice-President, defendant Melvin Schwartz as Secretary, and defendant Benjamin Jaffe as Treasurer.

2. See Order dated April 22, 1965.

3. Appointing Thomas H. Pope, Esquire, as Special Referee to take testimony and report thereon.

After a responsive pleading has been filed, or the time for amending as of course has otherwise expired, amendment may be made only by leave of court or with the written consent of the adverse party. The rule provides, however, that "leave shall be freely given when justice so requires," and the courts accordingly have granted such leave whenever amendment would serve a useful purpose. Grant of leave to amend may be accompanied with conditions which the pleader must satisfy, but even here it is thought that the provision that leave is to be freely given declares an affirmative policy in emphatic terms, and that there must be some reason or some factor making it reasonably necessary that conditions or restrictions be attached. The test as to whether amendment is proper is functional rather than conceptual. It is entirely irrelevant that a proposed amendment changes the cause of action or the theory of the case, or that it states a claim arising out of a transaction different from that originally sued on, or that it causes a change in parties. Normally leave to amend should be denied only if it would cause actual prejudice to an adverse party.[4]

[Footnotes omitted.]

The liberality of the court's policy in allowing amendments is unalterably expressed in Foman v. Davis, 371 U.S. 178, 179, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of Federal Rules.

See also Frankel v. Kurtz, 239 F.Supp. 713 (W.D.S.C.1965).

It is the opinion of the court that the relief falls squarely under the rule.[5]

■ Defendants complain of delay in moving for the amendments sought here. While the same issues were pending before the Referee in Bankruptcy, it would have served no useful purpose to amend the Complaint in the instant action. Even if such amendment had been allowed, the case should not have proceeded until the matter of jurisdiction of the Referee was decided. Otherwise, two suits involving the same issue between the same parties would then be pending at the same time. The delay in reaching the Petition for Review is not the fault of counsel for either parties but due to the congestion of the Court docket. Both the trustee and the defendants were vir-

---

4. Wright on Federal Courts (1963) pp. 239, 240.

5. Rule 15(a) provides: *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading *is served or, if the* pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.* [Emphasis supplied.]

tually powerless to take any action or initiate any proceeding that could have more promptly brought about the conclusion of the litigation.

Defendants also take the position that the proposed amendment does not state a cause of action in that it is not alleged to be for the benefit of the creditors and that such creditors were not involved at the time of the alleged acts. Of course, the trustee in bankruptcy is the representative of the creditors. It appears on the face of the Complaint that the suit is brought for the benefit of the creditors. It would be unduly technical to require an allegation as to the specific creditors that were in existence, if any, at the time of the alleged breach of fiduciary duty. The theory of the procedure in Federal pleading is to put the adversary on notice of the general nature of the claim. The technicalities as to specifications of the particular acts relied on to sustain the cause of action is not a part of this philosophy. The Complaint sufficiently states the elements of the cause of action and if, for any reason, it should be deemed to be inadequate in some technical particular, the Courts should allow the necessary additional allegation to be made. A motion to this effect was made during the course of the hearings and should be allowed.

Denial of the Motion to Amend would require either the trustee to continue with the proceeding before the Referee in Bankruptcy, which the defendants contend does not have jurisdiction, or would require the initiation of separate suits in separate jurisdictions with ancillary trustees in bankruptcy. Either of these alternatives would produce more delay than would result from allowing the amendment where the entire matter could be disposed of in one proceeding. The fact that the defendants might have to undertake some discovery proceedings and have time within which to answer is not sufficient reason for denial of the motion.

It appears that the corporation now bankrupt commenced business some time in September of 1962 and that the acts complained of extended over that period until the defendants ceased to be connected with the company in March of 1963. This involves a period of approximately six months. In the broad sense of the word, all of the acts complained of arose out of the same transaction, that is the alleged breaches of fiduciary duty on the part of the defendants as officers and directors during this short period of time. One of the bases of complaint is the alleged illegal redemption of their stock; another is the alleged excessive salaries, attorneys' fees and expenses. All of these acts alleged are those of the defendants in their fiduciary capacity and the alleged invalidity of these acts grows out of their fiduciary capacity and actions as officers and directors of the corporation.

As the Supreme Court recently noted, quoting from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 103, 2 L.Ed.2d 80:

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

United States v. Hougham, 364 U.S. 310, 317, 81 S.Ct. 13, 5 L.Ed.2d 8. For it is the merits, the facts, which determine the course of justice.

Defendants take the position that because they are without the jurisdiction of this Court and a suit could not be served upon them as to the theory of the cause of action now sought to be alleged, that they would be prejudiced by allowance of the amendment. As stated in 3 Moore on Federal Practice, page 878 (quoting from a case cited):

> "Presumably, when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amend-

ments are granted liberally and will be allowed and freely given when justice requires it."

\* \* \* In evaluating claims of prejudice, whether claimed by reason of delay or otherwise, the possible prejudice to the moving party if the motion is denied may also be weighed. Page 902.

In Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, the Court considered the propriety of amending a Complaint in a suit removed to the Federal Court whereby a new cause of action was sought to be added which could not have been alleged in the State Court proceeding. As stated in the footnote to the Opinion:

The "only question" presented by the petition for writ of certiorari was "whether a plaintiff may amend his complaint in a removed action *so as to state a new and independent cause of action against the defendant* which would be outside the State Court's jurisdiction." 319 U.S. at page 453, 63 S.Ct. at page 1149.

■ It will thus be seen that the question was squarely presented whether a new and independent cause of action could be made by amendment when that same cause of action could not have been made in the State Court proceeding. The defendants assert in their brief that "the Trustee seeks by these proposed amendments to assert claims which could not have been brought in this Court and which could not have been brought in the original action in the State Court." Assuming that this assertion is correct, the language of the Supreme Court opinion clearly discards this as a basis for denying the motion to amend. The Court ruled that:

[I]t [the Judicial Code] preserves to the federal District Courts the full arsenal of authority with which they have been endowed. Included in that authority is the power to permit a recasting of pleadings or amendments to complaints in accordance with the federal rules. [Citing cases]

\* \* \* \* \* \*

\* \* \* Petitioner was personally served in the state court action. After the removal of the cause he entered a general appearance and defended on the merits. He also filed a counterclaim in the action. He thus invoked the jurisdiction of the federal court and submitted to it. [Citing case] He was accordingly "found" in the district so as to give the District Court power to allow the complaint in that suit to be amended by adding a cause of action under § 4 of the Clayton Act. \* \* 319 U.S. at pages 452, 454, 63 S.Ct. at pages 1148, 1149.

■ The statement of an entirely new and independent cause of action by amendment to the Complaint is specifically allowed by the rules. See Dombrovskis v. Murff, 24 F.R.D. 302 (S.D. N.Y.1959); Biedler v. Hurst, 22 F.R.D. 333 (E.D.Pa.1958); Hirshhorn v. Mine Safety Appliances Co., 101 F.Supp. 549 (W.D.Pa.1951).

In the Hirshhorn case, supra, the Court stated at page 553:

Furthermore, even if the proposed amendment to paragraph 15 should be construed as stating a new claim for relief, the result would be the same. The right to plead new claims by amendment is inferentially recognized by subdivision (c) of Rule 15 and confirmed by the Supreme Court of the United States in Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509.

Defendants argue that the Court may not with propriety balance the prejudices of the parties in the exercise of its discretion. It seems that the requirement that "leave shall be freely given when justice so requires" necessitates a con-

sideration of such factors as these in evaluation of whether justice so requires.

\* \* \* the primary question for the Court to consider in the exercise of the discretion vested in it is whether the allowance of the amendment will work injustice upon any of the parties. Carroll v. Pittsburgh Steel Co., 103 F.Supp. 788 (W.D. Pa.1952).

The primary consideration in determining whether to grant or deny an application for leave to amend is *whether the allowance thereof will work an injustice to any of the parties,* and the practice is to permit amendments freely to cure defective or imperfect pleadings. \* \* \* Archbold v. McLaughlin, 181 F. Supp. 175 (D.C.1960).

The effect of the allowance here is to guarantee, and not deny, *all* parties, their "day in court," and, at the same time, eliminate a multiplicity of actions. This Court finds no delay, bad faith or dilatory motive in the procedures here.

Leave to amend is granted.

And it is so ordered.