Sampson **TKACZYK** et al., Plaintiffs,

v.

Kenneth **GALLAGHER** et al., Defendants.
Civ. No. 11551.

United States District Court
D. Connecticut.

Sept. 12, 1966.

Appeal Dismissed from Bench by Court
of Appeals Sept. 19, 1966.

Loring J. Whiteside, Woodbridge, Conn., for plaintiffs.

Hugh Meade Alcorn, Jr., of Alcorn, Bakewell & Smith, Hartford, Conn., and Albert L. Coles, Bridgeport, Conn., for defendants John Hamilton King, James E. Murphy, Howard W. Alcorn, Charles S. House, and Elmer W. Ryan.

John J. Cotter, of Cotter, Cotter & Sohon, Bridgeport, Conn., for defendant Herman N. Levy.

Albert W. Cretella and Lawrence J. Carboni, New Haven, Conn., for defendants Leo T. Berniere and Walter T. Berniere.

Dennis N. Garvey, of Garvey, Colleran & Weiner, New Haven, Conn., for defendant Herman Levine.

Michael Dorney, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant Dr. Sterling P. Taylor.

Walter A. DeAndrade, Cheshire, Conn., pro se and for defendant Kenneth Gallagher.

William P. Lage, Madison, Conn., for defendant Arthur B. O'Keefe, Jr.

James O. Shea, New Haven, Conn., for defendants Nathan G. Sachs, Herman N. Levy and Paul A. Scholder.

Joseph F. Trotta, New Haven, Conn., for defendant Robert A. Rousseau.

Harold M. Mulvey, Atty. Gen. of Connecticut, Hartford, Conn., for defendants Leo Parskey, James P. Doherty, Edward Horwitz, James J. Corrigan, Arthur T. Gorman, George R. Tiernan, Nathan G. Sachs and Dr. Sterling P. Taylor.

TIMBERS, Chief Judge.

Plaintiffs, the parents and sister of the deceased Olga Gallagher who died in North Haven, Connecticut, on December 5, 1961, having filed a complaint in this Court on August 5, 1966 naming 22 defendants, including Kenneth Gallagher, the deceased's surviving husband, the Chief Justice and four Associate Justices of the Connecticut Supreme Court, two Judges of the Connecticut Superior Court and various other state officials and attorneys, the complaint demanding damages in excess of a million dollars and preliminary and permanent injunctions to restrain Kenneth from cremating Olga's body which has been held in a cold storage vault at Evergreen Cemetery in New Haven since her death nearly five years ago; and

Judge Clarie on August 11, 1966 having entered an order upon application of plaintiffs (i) requiring defendant Gallagher to show cause on August 22,

1966 why a preliminary injunction should not issue and (ii) temporarily restraining defendant Gallagher for 10 days from cremating the body of his deceased wife, subject to further order of the Court; and

Defendant Gallagher having consented to an extension of said temporary restraining order from August 22, 1966, to September 12, 1966, and also having consented to a continuance of the hearing on said application for a temporary injunction from August 22, 1966, to September 12, 1966; and

It appearing to the undersigned that the orderly administration of justice required a prompt hearing and determination of the threshold question of the Court's jurisdiction over the subject matter of the action, including its jurisdiction to entertain plaintiffs' motion for a preliminary injunction, the undersigned on August 17, 1966 entered an order (i) continuing to September 12, 1966 the hearing on plaintiffs' motion for a preliminary injunction brought on by order to show cause made returnable August 22, 1966, (ii) extending to September 12, 1966 the temporary restraining order which had been entered August 11, 1966, (iii) ordering that the threshold question upon which the Court would hear counsel on September 12, 1966 was the question of the jurisdiction of the Court over the subject matter of the action, including its jurisdiction to entertain plaintiffs' motion for a preliminary injunction, and (iv) directing counsel for all parties to serve and file their briefs on the question of jurisdiction in advance of the September 12, 1966 hearing; and

The Court on September 12, 1966 having conducted a four hour hearing on the question of the Court's jurisdiction and having received and considered the motions, briefs, affidavits, exhibits and all other papers filed herein; and

■■ The Court, after due deliberation, being of the opinion, as stated from the bench at the conclusion of the hearing on September 12, 1966 (Transcript of September 12, 1966 Hearing, pages 74–98), that the Court does not have jurisdiction over the subject matter of the action, for the reasons that

(i) The threshold question presented in this action in which concededly there is an absence of diversity jurisdiction is whether there is federal question jurisdiction pursuant to 28 U.S.C. § 1331(a);

(ii) The jurisdiction of the Court, invoked by plaintiffs, having been challenged, the burden is upon plaintiffs to establish to the satisfaction of the Court that it does have jurisdiction (McNutt v. GMAC, 298 U.S. 178, 189 (1936); United States v. Montreal Trust Co., 358 F.2d 239, 242 n.4 & 245 n.2 (2 Cir. 1966), cert. denied, 384 U.S. 919 (1966));

(iii) Plaintiffs, invoking the Civil Rights Act, 28 U.S.C. § 1343(3), the equal protection and due process clauses of the Fourteenth Amendment and the religious freedom clause of the First Amendment, claim that judgments of the Connecticut state courts adjudicating the right to custody and control of the remains of Olga Gallagher, pursuant to 45 Conn.Gen.Stats. § 253 (1958), have denied to them federal constitutional rights with respect to underground burial, as opposed to cremation, of the decedent, but plaintiffs do not challenge the constitutionality of the state statute;

(iv) Viewing plaintiffs' claim in the light most favorable to plaintiffs, as reflected in their complaint, briefs, statements of counsel in open court and all other papers and proceedings before the Court, there is no substantial federal question presented (Cranney v. Trustees of Boston University, 139 F.Supp. 130, 133 (D.Mass.1956));

(v) Plaintiffs' action essentially seeks federal court review of state court judgments of undoubted competence construing a state statute, all such state court judgments having confirmed the wisdom of the original decision of the late Judge Robert W. Leavenworth of the North Haven Probate Court—one of the ablest and most highly respected judges of Connecticut;

(vi) Plaintiffs have litigated in the Connecticut courts during the past five years substantially the same alleged federal constitutional questions as they now seek to assert in the instant action, such state court litigation, including two trips to the Connecticut Supreme Court, having culminated in denial of an application for a stay by Chief Justice King on June 27, 1966 as follows:

"The application for a stay, dated June 17, 1966, to enable the plaintiffs to apply for and obtain a writ of certiorari is denied, as it seems clear that no substantial federal question is raised. 28 U.S.C. Par. 2101 (f); Goldsby v. State, 240 Miss. 647, 679, 123 So.2d 429; Sklaroff v. Stevens, 84 R.I. 1, 11, 120 A.2d 694.";

(vii) During the course of plaintiffs' extensive litigation of their asserted federal constitutional questions in the Connecticut courts, they applied to Mr. Justive Harlan, as Circuit Justice, for stays with respect to final judgments of the Connecticut Supreme Court on four separate occasions. Such applications were denied by Mr. Justice Harlan on December 13, 1963, February 4, 1964, February 19, 1964 and August 12, 1966. On three of these occasions, Mr. Justice Harlan, in denying plaintiffs' applications for stays, expressly stated that their applications failed to disclose a substantial federal question (Defendants' Exhibits C, E, G and I, hereto attached);

it is therefore

Ordered as follows:

(1) The action is dismissed for lack of subject matter jurisdiction, with costs to defendants.

(2) The temporary restraining order, originally entered on August 11, 1966 and extended on August 17, 1966, is dissolved, subject however to the provisions of paragraph (6) below.

(3) In view of the Court's dismissal of the action for lack of subject matter jurisdiction, the Court declines to rule on plaintiffs' motion for a preliminary injunction and further declines to rule on motions of several defendants to dismiss the complaint for failure to state a claim upon which relief can be granted.

(4) The United States Attorney is directed, pursuant to Rule 2(d) of the Local Rules of the United States District Court for the District of Connecticut, to conduct such investigation as he deems necessary and appropriate to determine whether there has been a breach of professional conduct by plaintiffs' counsel in this case of such a character as to warrant disciplinary action by the Court.

(5) The Clerk is directed to enter judgment forthwith dismissing the action in accordance with this order.

(6) The effectiveness of the portion of this order dissolving the temporary restraining order (paragraph (2)) is suspended until Monday, September 19, 1966, at 4:00 P.M., to permit plaintiffs, if they are so advised, to appeal to the United States Court of Appeals for the Second Circuit and to apply to that Court for a stay pending appeal.

DEFENDANTS' EXHIBIT C

OFFICE OF THE CLERK

SUPREME COURT OF THE UNITED STATES
WASHINGTON 25, D. C.

December 13, 1963

Mrs. Julia Cravens
19 Parker Street
Ansonia, Connecticut

RE: SAMPSON TKACZYK, ET UX. v. HERMAN LEVINE ADMIN. ESTATE OF OLGA GALLAGHER, AND KENNETH GALLAGHER

Dear Mrs. Cravens:

Your application for stay was presented to Mr. Justice Harlan who endorsed thereon the following:

"Application denied for prematurity and also for failure to disclose a federal question which gives promise of review by this Court.  J.M.H.  12/13/63."

Very truly yours,

JOHN F. DAVIS, Clerk

By

Michael Rodak, Jr.
Assistant

MRjr:rlf

cc: Herman Levine, Esquire

Walter A. DeAndrade, Esquire

DEFENDANTS' EXHIBIT F

OFFICE OF THE CLERK

SUPREME COURT OF THE UNITED STATES
WASHINGTON 25, D. C.

February 4, 1964

Mrs. Julia Cravens
19 Parker Street
Ansonia, Conn.

RE: TKACZYK v. LEVINE

Dear Mrs. Cravens:

Your reapplication for stay in the above-captioned case was presented to Mr. Justice Harlan who endorsed thereon the following:

> "Being of the opinion that this application, like the one earlier submitted, discloses no substantial federal question, the application for a stay is denied. J.M.H.  2/4/64."

Very truly yours,

JOHN F. DAVIS, Clerk

By

Michael Rodak, Jr.
Assistant

MRjr:rlf

cc: Herman Levine, Esq.
    Walter A. DeAndrade, Esq.
    Edward Horwitz, Clerk

DEFENDANTS' EXHIBIT G

OFFICE OF THE CLERK

SUPREME COURT OF THE UNITED STATES
WASHINGTON 25, D.C.

February 20, 1964

Mrs. Julia Cravens
19 Parker St.
Ansonia, Connecticut

RE: TKACZYK v. LEVINE

Dear Mrs. Cravens:

Your supplementary application for a stay has been presented to Mr. Justice Harlan who has returned the application to this office with the following notation:

"Denied.  J.M.H.  2/19/64"

Very truly yours,

JOHN F. DAVIS, Clerk

By

(s)

E. C. Schade
Assistant

ECS:rlf

cc: Herman Levine, Esq.
    Walter A. DeAndrade, Esq.

DEFENDANTS' EXHIBIT I

OFFICE OF THE CLERK

SUPREME COURT OF THE UNITED STATES
WASHINGTON, D. C. 20543

August 16, 1966

Mrs. Julia Cravens
19 Parker Street
Ansonia, Connecticut   06401

RE: TKACZYK, ET AL. v. GALLAGHER
October Term, 1966

Dear Mrs. Cravens:

Your typewritten application for stay in the above-captioned case was presented to Mr. Justice Harlan, who endorsed thereon the following:

> "Denied.   See attached memorandum
>    J.M.H.   8/12/66"

> "Denied.   The judgment sought to be stayed appears to rest on an adequate state ground.   In any event I do not believe the original judgment in the basic suit presents in the circumstances a substantial federal question, as I have on three previous occasions indicated in denying applications for stays in this matter. See notations dated December 13, 1963, February 4, 1964, February 19, 1964."

You were previously advised by telegram on August 12th that your application had been denied.

Very truly yours,

JOHN F. DAVIS, Clerk

By

Michael Rodak, Jr.
Deputy Clerk

MRjr:mk

cc: Walter A. DeAndrade, Esquire