Sampson **TKACZYK** et al., Plaintiffs,

v.

Kenneth **GALLAGHER** et al., Defendants.

Civ. No. 11551.

United States District Court
D. Connecticut.

Feb. 9, 1967.

Loring J. Whiteside, Woodbridge, Conn., for plaintiffs.

Hugh Meade Alcorn, Jr., of Alcorn, Bakewell & Smith, Hartford, Conn., and Albert L. Coles, Bridgeport, Conn., for defendants John Hamilton King, James E. Murphy, Howard W. Alcorn, Charles S. House, and Elmer W. Ryan.

John J. Cotter, of Cotter, Cotter & Sohon, Bridgeport, Conn., for defendant Herman N. Levy.

Albert W. Cretella and Lawrence J. Carboni, New Haven, Conn., for defendants Leo T. Berniere and Walter T. Berniere.

Dennis N. Garvey, of Garvey, Colleran & Weiner, New Haven, Conn., for defendant Herman Levine.

Michael Dorney, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant Dr. Sterling P. Taylor.

Walter A. DeAndrade, Cheshire, Conn., pro se and for defendant Kenneth Gallagher.

William P. Lage, Madison, Conn., for defendant Arthur B. O'Keefe, Jr.

James O. Shea, New Haven, Conn., for defendants Nathan G. Sachs, Herman N. Levy and Paul A. Scholder.

Joseph F. Trotta, New Haven, Conn., for defendant Robert A. Rousseau.

Harold M. Mulvey, Atty. Gen., Hartford, Conn., for defendants Leo Parskey, James P. Doherty, Edward Horwitz, James J. Corrigan, Arthur T. Gorman, George R. Tiernan, Nathan G. Sachs and Dr. Sterling P. Taylor.

TIMBERS, Chief Judge.

Plaintiffs having filed a complaint on August 8, 1966 alleging violation by state

action of certain rights claimed to be secured by the First and Fourteenth Amendments to the Constitution of the United States; and

Defendants having moved to dismiss for lack of jurisdiction over the subject matter, and for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b) (1) and (6), Fed.R.Civ.P.; and

This Court having held a full hearing on the preliminary question of jurisdiction on September 12, 1966, having considered the briefs of the respective parties, having heard counsel for the respective parties, and having ordered in open court that the action be dismissed for lack of jurisdiction over the subject matter, such order having been confirmed by entry of a memorandum order on September 16, 1966 (Tkaczyk v. Gallagher, 259 F.Supp. 584 (D.Conn.1966)); and

The Court of Appeals having dismissed plaintiffs' appeals from the aforesaid order of this Court; and

■ This Court having received on November 8, 1966 and November 21, 1966 certified copies of the judgments of the Court of Appeals dismissing plaintiffs' appeals, such receipt having the force of receipt of a formal mandate issued by the Court of Appeals (2 Cir. Rule 28(b)); and

Plaintiffs having moved to amend the complaint on January 30, 1967; and

This Court having held a full hearing on February 6, 1967 on plaintiffs' motion to amend the complaint, and having heard counsel for the respective parties; and

■■ The Court being of the opinion that plaintiffs' motion to amend the complaint should be denied, for the following reasons:

(1) The Court of Appeals having dismissed the appeal from the order of this Court, and having sent down certified copies of the judgments dismissing plaintiffs' appeals without any authorization therein for amendment, the power of this Court to grant leave to amend is in the gravest doubt. See Ginsburg v. Stern, 242 F.2d 379, 380 (3 Cir. 1957); 3 Moore's Federal Practice, ¶ 15.10, at 960, and ¶ 15.11, at 967 (2d ed. 1966).

(2) Even if the Court had jurisdiction to entertain the instant motion after judgment had become final in the manner disclosed by the District Court record in this case, the instant motion must be construed in part as a motion to reopen the judgment, and should be denied, because:

(a) Plaintiffs' motion is untimely made. Rule 59(e), Fed.R.Civ.P.; Swam v. United States, 327 F.2d 431, 434 (7 Cir. 1964), cert. denied, 379 U.S. 852 (1964).

(b) No showing has been made of any exceptional circumstances which might justify the Court in granting relief from final judgment pursuant to Rule 60(b), Fed.R.Civ. P. See Lane v. Swingspout Measure Co., 340 F.2d 40, 41–42 (7 Cir. 1964).

(3) The Court's original order dismissing the action for lack of subject matter jurisdiction was predicated upon the Court's having found that no substantial federal question was presented by the complaint. The instant motion to amend merely attempts to state more precisely and accurately the somewhat imperfectly expressed jurisdictional allegations; amendments going simply to matters of form are of no assistance to plaintiffs, however, since the absence of a federal question is a matter of substance, revealed by the very nature of the controversy underlying the complaint. Cf. Cranney v. Trustees of Boston University, 139 F.Supp. 130 (D.Mass.1956). Purely technical or formal amendment being futile, leave to amend in such fashion should be denied.

See Smith v. State of California, 336 F.2d 530, 532 (9 Cir. 1964); cf. Foman v. Davis, 371 U.S. 178, 182 (1962).

it is therefore

ORDERED that plaintiffs' motion to amend the complaint be, and the same hereby is, denied.