**THERMAL DYNAMICS CORPORATION**

v.

**UNION CARBIDE CORPORATION.**

**Civ. A. No. 2585.**

United States District Court
D. New Hampshire.
April 21, 1967.

Cotton, Tesreau, Stebbins & Johnson, William R. Johnson, Hanover, N. H., William O. Moeser, Springfield, Vt., for plaintiff.

Sullivan & Wynot, Edward D. Wynot, Manchester, N. H., Homer J. Schneider, Chicago, Ill., for defendant.

## ORDER ON PLAINTIFF'S MOTION TO AMEND THE ORIGINAL COMPLAINT

CONNOR, District Judge.

In a complaint filed on May 28, 1965, the plaintiff, Thermal Dynamics Corporation of New Hampshire, brought an action for a declaratory judgment to determine its rights under a non-exclusive licensing agreement made on June 12, 1963, with the defendant, Union Carbide Corporation of New York. Plaintiff further sought to enjoin the defendant from "depriving the plaintiff of its license and from unlawfully extending its patent monopoly beyond the legitimate bounds thereof" [complaint] by reason of the June 12, 1963 agreement, and plaintiff sought damages sustained as a result of the defendant's alleged monopoly of competition. In its answer, the defendant admitted the existence of the June 12, 1963 agreement, but disputed the other allegations of the plaintiff just outlined.

The plaintiff has moved to amend its original complaint by adding thereto paragraphs 4 and 5 as set out in the plaintiff's motion. These new paragraphs allege that the June 12, 1963 agreement was entered into under a mutual mistake of fact by both parties (paragraph 4) and/or was signed by the plaintiff under duress (paragraph 5). The defendant objects to the allowance of this amendment on the grounds that its right to a just, speedy, and inexpensive determination of this action will be unnecessarily prejudiced because of the inexcusably late shift of position which the amendment represents. The defendant contends that the plaintiff was aware of the facts underlying the proposed amendments at the time the complaint was filed on May 28, 1965. The defendant further contends that the " * * * allegations of harassment of customers and interference with banking relationships, the sole supports of the allegation of duress [paragraph 5], are those raised before this Court in Thermal Dynamics

Corporation v. Union Carbide Corporation,. Civil Action No. 2362 [D.C., 214 F. Supp. 773]." In that suit, the complaint was dismissed with prejudice on October 30, 1963.

Rule 15(a) of the Federal Rules of Civil Procedure provides in part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.* * * * [Emphasis added.]

Moore states: "Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." 3 Moore § 15.08(2), pp. 874–75.

█ In the instant case, the plaintiff seeks to amend the complaint approximately 21 months after the original filing date. The original complaint sought a determination of the rights of the plaintiff under a non-exclusive patent license agreement of June 12, 1963, and there was no indication in the original complaint that the validity of the June 12, 1963 agreement was being challenged. The proposed amendments seek to challenge the validity of that agreement and represent a substantial alteration in the plaintiff's position from that taken in the original complaint filed approximately 21 months ago. Inconsistent plead-

ings are permitted under Rule 8(e) (2) of the Federal Rules of Civil Procedure and the mandate of Rule 15(a) requires liberality in allowing amendments. The Court is of the opinion that the shift in the position of the plaintiff represented by the proposed amendments is prejudicial to the defendant only to the extent that the defendant's investigatory costs will be increased due to the plaintiff's delay in revealing its position. Moore states: "It is within the court's discretion to allow an amendment on terms. In many cases, possible prejudice which might otherwise result from granting leave to amend may be avoided or minimized in this manner." 3 Moore § 1508 (6), p. 935. Therefore, concerning the amendment identified as paragraph 4 in the plaintiff's motion, since the plaintiff had knowledge of the facts on which the amendment is based at the time the original complaint was filed, and since the plaintiff has not provided any explanation for not having included this claim in the original complaint, the Court will grant leave to amend the original complaint by inserting therein paragraph 4 on condition that the plaintiff will bear one-half of the reasonable costs incurred by the defendant in the investigation of matters relevant to the above-mentioned amendment. Witcjak v. Alien, 22 F.R.D. 330, 332 (D.C.E.D.Pa.1958).

Concerning the amendment identified as paragraph 5 in the plaintiff's motion, the Court is of the opinion that the facts underlying this amendment were those raised before this Court in Thermal Dynamics Corporation v. Union Carbide Corporation, Civil Action No. 2362, and are now res judicata as a result of the dismissal of the complaint with prejudice by docket entry of October 30, 1963. The allegations of harassment of customers and interference with banking relationships which form the factual basis for the amendment proposed in paragraph 5 were also alleged in the complaint in Civil Action No. 2362. Therefore, the Court denies that

portion of the plaintiff's motion which seeks to amend the complaint by addition of paragraph 5. Hanover Insurance Company v. Emmaus Municipal Authority, 38 F.R.D. 470, 472–473 (D.C.E.D. Pa.1965).