Mary Jane Hollingsworth FARRELL,
Plaintiff,

v.

John D. HOLLINGSWORTH, Defendant.

Civ. A. No. 66-479.

United States District Court
D. South Carolina,
Greenville Division.

Jan. 10, 1968.

Thomas A. Wofford, Theodore A. Snyder, Jr., Wofford & Snyder, Greenville, S. C., Henry Hammer, Columbia, S. C., for plaintiff.

Wesley M. Walker, Rex L. Carter, J. D. Todd, Jr., Leo H. Hill, Greenville, S. C., for defendant.

## OPINION AND ORDER

DONALD RUSSELL, District Judge.

Two motions are before the Court for determination herein.

The first, filed by the plaintiff, seeks leave under Rule 15, Federal Rules of Civil Procedure, to amend the complaint by adding to the original cause of action for malicious prosecution another count for abuse of process.

The right to amend is, by the express mandate of Rule 15, to "be freely given when justice so requires". It encompasses the right to make both simple changes in phraseology as well as to add a new cause or theory of action. Thus, the Court, in Cunningham v. Jaffe (D.C. S.C.1965) 37 F.R.D. 431, 434–435, said, (quoting in part from Wright on Federal Courts, p. 240):

"'* * * It is entirely irrelevant that a proposed amendment changes the cause of action or the theory of the case, or that it states a claim arising out of a transaction different from that originally sued on, or that it causes a change in parties. Normally leave to amend should be denied only if it would cause actual prejudice to an adverse party.' * * *

"* * * The fact that the defendants might have to undertake some discovery proceedings and have time within which to answer is not sufficient reason for denial of the motion."

The contention of the defendant that the two actions for malicious prosecution and abuse of process are so different that their joinder is improper is untenable. While as the Court pointed out in Huggins v. Winn-Dixie Greenville, Inc. (1967), 249 S.C. 206, 209, 153 S.E.2d 693, the actions do involve different elements, the inclusion of a cause of action for abuse of process with one for malicious prosecution—especially where they arise out of the same transaction— is clearly permissible under federal procedure. Carrier Corp. v. Sims Motor Transport Lines (D.C.Ill.1953) 15 F.R.D. 142, 144. In a leading case on abuse of process in this Circuit, where the plaintiff had filed two separate actions for abuse of process and malicious prosecution arising out of the same transaction, the Court observed that, "* * * we feel that we should say, also, that so far as this case is concerned, the actions for abuse of process and malicious prosecution are alleged to arise from the same facts and to have resulted in the same sort of damage. They are not separate and independent causes of action, but relate to the same subject matter and should be tried together. The District Judge should accordingly consolidate * * * and submit the consolidated action to one jury just as though both causes of action were alleged in two counts of one complaint; * * * *". George v. Leonard (C.C.A.S.C.1948) 169 F.2d 177, 178, cert. den. 339 U.S. 965, 70 S.Ct. 1000, 94 L.Ed. 1374.

The plaintiff (by her amendment) rather than filing a separate action for abuse of process seeks to do just what Judge Parker suggested in the *George* Case, i. e., submit both causes of action "in two counts of one complaint." Her motion seeking such relief is clearly authorized under the principles so well stated by Judge Hemphill in Cunningham v. Jaffe, supra.

The defendant urges, though, that the amendment should be denied because of actual prejudice to him from such allowance. He suggests that a number of depositions have been taken; and,

**364**

if the amendment is allowed, it will be necessary to re-depose some of these witnesses. Having examined some of these depositions, I feel that there could be little added to such depositions by renewed inquiry. But even if some additional discovery is required as a result of this amendment, it will be considerably less than that which will be required if plaintiff were compelled to bring an independent action for abuse of process. As a matter of fact, if plaintiff were forced to file an independent action for abuse of process, the Court would be obliged under the *George* Case to consolidate such action with the pending one and the situation of the defendant would be no different from that arising from the allowance of the amendment. I am, therefore, of opinion that the allowance of the amendment will not work an actual prejudice to the defendant, and having so found, I am compelled, under the rule enumerated in Foman v. Davis (1962) 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, to grant the motion to amend.

Subsequent to the filing of the motion to amend, the defendant moved for summary judgment in his favor in the malicious prosecution action. His motion is based upon the record, including the extensive discovery proceedings, both by deposition and by interrogatory, already had in the proceedings.

It is the position of the defendant on this motion that the record herein shows indisputably that there is no evidence that the defendant instituted or procured the criminal prosecution of the plaintiff and that the prosecution of plaintiff was with probable cause.

In connection with the first ground, it is the basic contention of the defendant that the prosecution herein was begun by the police authorities, on their own responsibility, after making such investigation as to them seemed proper, and that, under such circumstances, the defendant cannot be held to have instituted or procured the criminal proceedings against the plaintiff.

■■ It is not necessary, however, that the defendant should have signed the affidavit on which the warrant was issed or that he should have procured the warrant which commenced the prosecution in order to establish that the prosecution was instituted by the defendant. Elletson v. Dixie Home Stores (1957) 231 S.C. 565, 575, 99 S.E.2d 384; Gibson v. Brown (1965) 245 S.C. 547, 549–550, 141 S.E.2d 653; Wingate v. Postal Tel. & Cable Co. (1944) 204 S.C. 520, 527–528, 30 S.E.2d 307. Of course, if the defendant did no more than to report truthfully such information as came into his possession to the police authorities and followed thereafter their instructions, it cannot be said that the defendant procured the prosecution. This was the situation in Charles Stores Co. v. O'Quinn (C.C.A.N.C.1949) 178 F.2d 372, 374, where Judge Soper summed it up that, "It cannot be said that one who reports suspicious circumstances to the authorities thereby makes himself responsible for their subsequent action, and this is true even when, as in this case, the suspected persons are able to establish their innocence." But if the information given the authorities by the defendant was known by the defendant to be false at the time it was given, "the rule is otherwise for the reason that if the information is knowingly false the officer is unable to exercise intelligent discretion, and the result is that the prosecution is said to be procured by the person giving false information". Wehrle v. Brooks (D.C.N.C.1966) 269 F.Supp. 785, 792, aff. 4 Cir., 379 F.2d 288; Restatement of Torts, Sec. 653, Comment G.

■■ There is testimony in this record that the defendant told the plaintiff (his daughter), after the prosecution had been begun, that he knew she (the plaintiff) was innocent and was not involved in the transactions out of which the prosecution arose. Whether this knowledge existed at the time the defendant sent Farrell to the office of the Sheriff with his testimony implicating the plain-

tiff is not clear but, for purposes of this motion, we must assume it did. United States v. Diebold, Inc. (1962) 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176. If this testimony is accurate, it could well be that when the defendant made Farrell available to the authorities, knowing that his statements would implicate the plaintiff and cause the authorities to begin proceedings against her—proceedings which he knew to be without merit—he did procure the prosecution. I express no opinion on the weight of this evidence or its credibility. These issues properly should await trial. The rules applicable to a motion for summary judgment are stricter than those that prevail on a motion for directed verdict. Empire Electronics Co. v. United States (C.C.A.N.Y.1962) 311 F.2d 175, 180; Kilfoyle v. Wright (C.C.A.Ala.1962) 300 F.2d 626, 629; Cf. Williams v. Howard Johnson's Inc. of Washington (C.C.A.Va. 1963) 323 F.2d 102, 104–105. "This holding does not rule out the possibility of a directed verdict." Stanley v. Guy Scroggins Construction Company (C.C.A. La.1961) 297 F.2d 374, 378. At this juncture, the Court is merely concerned with the issue of whether on the record as made there are any disputed material facts, whether, in the words of Judge Hemphill in Mickle v. Lipstock (D.C. S.C.1965) 39 F.R.D. 58, 61, "there is 'slightest doubt' as to the facts", and, in resolving that issue, all inferences to be drawn from the facts, are to be taken against the motion. American Fidelity & Cas. Co. v. London & Edinburgh Ins. Co. (C.C.A.Va.1965) 354 F.2d 214, 216; McCallum v. Mutual Life Insurance Co. of New York (D.C.Va.1959) 175 F.Supp. 3, 5, aff. 4 Cir., 274 F.2d 431. This evidence, in my opinion, is sufficient to withstand a motion for summary judgment on the ground that defendant did not procure the prosecution.

■ What has been said about the first ground of the motion (i. e., the institution or procurement of the prosecution by the defendant) equally disposes of the second ground (i. e., that as a matter of law there was probable cause for the prosecution). It may well be that the authorities had probable cause; but, if the testimony of the plaintiff with reference to her conversation with the defendant is accurate, the defendant did not. Certainly if defendant knew the plaintiff was innocent, it cannot be said the prosecution, if procured by him, was without probable cause. Again, in so concluding, the Court is not weighing in any way the evidence or passing on its credibility.

The motion for summary judgment is accordingly denied, and

It is so ordered.