Jerry W. BARKER

v.

**LOUISIANA & ARKANSAS RAILWAY COMPANY and International Paper Company.**

Civ. A. No. 16842.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Dec. 19, 1972.

**490**

Thomas J. Wyatt, Hargrove, Guyton, Van Hook & Ramey, Shreveport, La., for plaintiff.

Arthur R. Carmody, Jr., Wilkinson, Carmody & Peatross, Shreveport, La., Merwin M. Brandon, Madison, Files, Garrett, Brandon & Hamakar, Bastrop, La., for defendants, Louisiana & Arkansas Railway Co., International Paper Co.

## RULING ON PENDING MOTIONS

DAWKINS, Chief Judge.

This action involves three parties: International Paper Company, the assignee of the bankrupt, South Ply, Inc., and Louisiana & Arkansas Railway Company (L & A). The bankrupt assigned all its rights against International and L & A to Barker before the suit was instituted.

South Ply, Inc., had a contract with International Paper Company, whereby South Ply would ship wood chips by rail to International for processing. International was to pay the freight charges and deduct that payment from the amount due South Ply for the wood chips. The assignee contends that L & A overcharged International for carrying the wood chips. International paid such charges and deducted the amount of the payment from the amount due South Ply from International for the wood chips received.

The alleged overcharges occurred between January 28, 1966, and February 24, 1970, and suit was filed on June 2d, 1971. Plaintiff arrives at his damages by totalling 1,931 separate carload transactions between this period. Cars were loaded in Natchitoches, Louisiana, and sent to International's plant at Springhill, Louisiana.

One of the two co-defendants, L & A, filed a motion to dismiss for lack of jurisdiction and a plea of prescription. It also filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff then filed a motion for summary judgment. International answered and filed a cross-claim under Rule 13(g) of the Federal Rules of Civil Procedure against its co-defendant, L & A.

L & A contends that 1,627 of the transactions sued on were incurred between November 28, 1966, and June 2d, 1969, totalling $11,743.49, and that these claims have prescribed by the two years prescription specified in Louisiana R.S. 45:1100. This statute provides:

> "All actions by or against common carriers for the collection or recovery of erroneous freight charges, and all actions for loss of or damage to shipments of freight shall be prescribed by the lapse of two years, from the date of shipment."

Based upon this statute and by deducting the total of the 1,627 transactions prior to June 2d, 1969, from the amount demanded, $15,165.69, defendant contends that the demand no longer meets the jurisdictional amount, and, therefore, this Court does not have jurisdiction.

■ We agree with L & A that Louisiana R.S. 45:1100 contains the applicable prescriptive period for these transactions. Therefore, the action based upon 1,627 of these transactions has prescribed, and its liability is limited to $3,422.20, which is less than the requisite jurisdictional amount for this Court in a diversity action arising out of intrastate commerce. However, we are compelled to disagree with L & A's contention that this Court no longer has

jurisdiction. Although no party urges this issue, Rule 13(g) provides the requisite jurisdiction when one party files a cross-claim against a co-party in the action. Here International filed an answer and therein urged a cross-claim against L & A. That cross-claim was filed before this Court took any action on the plea of prescription.

 The rule does not require that a previously interposed cross-claim be dismissed when, subsequent to the cross-claim, the original claim itself is dismissed or the plaintiff's claim against the co-party is dismissed. Schwab v. Erie-Lackawanna RR Co., 438 F.2d 62 (3rd Cir., 1971); Aetna Insurance Company v. Newton, 398 F.2d 729 (3rd Cir., 1968); Picou v. Rim Rock Tidelands, Inc., 29 F.R.D. 188 (E.D.La., 1962); Frommeyer v. L & R Construction Co., 139 F.Supp. 579 (D.C.N.J., 1956). Accordingly, we conclude that this Court has not lost jurisdiction over L & A, although its liability is limited; plaintiff's claim against International has not prescribed for it is based upon contract and the prescriptive period for contracts in Louisiana is ten years. LSA Civil Code Article 3544.

■ L & A, in its motion to dismiss for failure to state a claim upon which relief can be granted, alleges that Barker had no interest in the business between South Ply, Inc., and International Paper Company; had no liquidated claim against South Ply, Inc., as a creditor of that company; was not listed in the tableau of debts of the bankrupt, nor was any claim of that company listed against L & A. L & A also argues that Barker obtained this claim on a contingent fee basis, without consideration from South Ply, nor was any consideration received by the Trustee in Bankruptcy, and that South Ply never actually paid the alleged overcharges to anyone. However, L & A cites no authority nor does it present any concrete factual basis for these allegations. Therefore, this motion is denied without prejudice to L & A to renew at a later date.

■ We next turn to plaintiff's motion for summary judgment. Rule 56(c) requires that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact before the moving party will be entitled to judgment as a matter of law. There are several issues in this case which require expert testimony; and also in dispute is the capacity and authority of plaintiff to bring this action. Of course, there is complete disagreement as to whether Rule 60–a of the Louisiana Public Service Commission is applicable to this factual situation. Also in dispute is the proper interpretation to be given to the tariff involved here, and which interpretation, if either, is consistent with the practice and understanding given it in the industry. Since these issues are in dispute, plaintiff's motion for summary judgment is denied.

Accordingly, the parties will be allowed to proceed with prosecution of this action within the delays allowed by the Federal Rules of Civil Procedure.