**UNITED STATES of America, Plaintiff,**

v.

**UNITED STATES TRUST CO., et al., Defendants.**

Civ. A. No. 84–3346–Mc.

United States District Court, D. Massachusetts.

June 20, 1985.

Asst. U.S. Atty. Ralph A. Child, Boston, Mass., for plaintiff.

Lawrence J. Crowley, Jr., Boston, Mass., for defendant U.S. Trust Co.

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

JOYCE LONDON ALEXANDER, United States Magistrate.

The instant motion arises from a complaint brought by plaintiff on behalf of the Small Business Administration ("SBA") to recover damages for the alleged unauthorized withdrawal of funds from a special bank account established by the defendants for the benefit of the SBA. The withdrawal occurred sometime in September of 1978. The plaintiff seeks a recovery of $50,000 plus interest, costs and attorneys' fees against all defendants, a sum of $150,000 plus interest, costs and attorneys' fees against defendant United States Trust Company and an accounting of the monies in an account at the United States Trust Company.

At the hearing on the motion, plaintiff was represented by Assistant United States Attorney Ralph A. Child and defendant U.S. Trust Company by Lawrence J. Crowley, Jr., Esquire. Since none of the other defendants oppose the motion, they were not present at the hearing.

In its original complaint, plaintiff named five defendants.[1] All of the defendants, except for McKeone, have answered the original complaint. On February 5, 1985, McKeone filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) on the ground of failure to state a claim for which relief can be granted. Although plaintiff opposed McKeone's motion, its amended complaint omits McKeone as a defendant in the present action.

The omission of McKeone has precipitated the opposition to plaintiff's amendment.

---

1. The originally named defendants are: United States Trust Company; Torres Construction Co., Inc.; Ganniff Construction Co., Inc., Torres Ganniff Joint Venture; and William J. McKeone, Jr. As will be discussed *infra,* defendant McKeone has been dropped as a defendant in the proposed amended complaint.

Defendant United States Trust Company ("the Bank") had crossclaimed against McKeone. The Bank contends that if plaintiff is allowed to voluntarily dismiss McKeone, the court will no longer have jurisdiction to entertain the Bank's crossclaim against McKeone. Further, the Bank argues that McKeone is a necessary party to this litigation whose absence would require the dismissal of the action. The Bank contends that plaintiff's voluntary dismissal of McKeone is prejudicial to the remaining defendants, and accordingly, plaintiff's amendment should not be allowed.

■ It is well established that amendments to pleadings should be freely allowed when the interests of justice so require. FED.R.CIV.P. 15; *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Farrell v. Hollingsworth*, 43 F.R.D. 362 (D.S.C.1968). It is equally well-settled that the grant of leave to amend a pleading is within the discretion of the Trial Court. *Zenith*, supra 401 U.S. at 330, 91 S.Ct. at 802. In exercising its discretion, the Court should take into account any prejudice that the opposing party will suffer as a result of the amendment. *Zenith*, supra, at 331, 91 S.Ct. at 802.

Although the Bank concedes that leave to amend should be freely granted, it contends that plaintiff's amendment in this case is prejudicial to it as an opposing party, and should not be allowed. The Bank has cited cases wherein courts have not allowed motions for leave to amend complaints because of prejudice, but each of those cases are distinguishable from the instant case. One common factor in each of the cases cited by the Bank, is that the motions to amend followed full proceedings and judgments, and sought to raise matters not presented through years of proceedings. Clearly, the case *sub judice* is not in that posture. Moreover, in the cited cases, the posture of the proceedings was the pivotal factor in the denials of the motions.

See *Zenith*, supra at 331, 91 S.Ct. at 802; *Kasey v. Molybdenum Corp. of America*, 467 F.2d 1284, 1285 (9th Cir.1972); *Tkaczyk v. Gallagher*, 265 F.Supp. 791, 792 (D.Conn.1967). This Court, therefore, concludes that the Bank's argument that it is prejudiced is without merit and is not supported by the authority it has advanced.

■ It is also claimed that this Court could condition its allowance of Plaintiff's amendment upon reasonable conditions, including the payment of costs incurred by the opposing party up to the time of the amendment.[2] Again the Bank's reliance upon its proffered authority is misplaced. While it is true that the Court can impose reasonable conditions upon plaintiff with the allowance of the amendment, *Thermal Dynamics Corp. v. Union Carbide Corp.*, 42 F.R.D. 607, 608–09 (D.N.H.1967); *Rossi v. McCloskey & Co.*, 149 F.Supp. 638, 641 (E.D.Pa.1957), the defendant has not advanced any authority or rationale to persuade this court that an imposition of pre-amendment costs is reasonable. In *Rossi*, supra, the only condition upon leave to amend was that the amended complaint be filed within 20 days from the granting of the leave. In *Thermal Dynamics*, supra, the Court allowed plaintiff's amendment 21 months after filing the original complaint on the condition that plaintiff bear one-half of the defendants' *post*-amendment costs of investigating the facts raised by the new theory in the amendment. Nowhere in these cases is the reasonableness of the moving party's assuming the burden of pre-amendment costs raised.

■ The Bank also argues that plaintiff should not be allowed to amend its complaint merely to state more precisely its original allegations. However, in light of the general rule that courts should be liberal in allowing amendments, this contention also must fail. *See e.g., Farrell*, supra, at 363 (right to amend pleadings freely given when justice requires encompasses the right to make both simple changes in

2. Presumably, this condition would negate prejudice against the Bank.

phraseology and to add new cause or theory of action).

It is also contended that to allow plaintiff to voluntarily dismiss McKeone will deprive this Court of jurisdiction to entertain the Bank's cross-claim against McKeone. Moreover, it is asserted that McKeone is a necessary party to this litigation.

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss its claims against a defendant without prejudice, as long as that defendant has not filed an answer or a motion for summary judgment, even though other defendants will remain in the action. *Terry v. Pearlman,* 42 F.R.D. 335, 337 (D.Mass.1967); *Plumberman, Inc. v. Urban Systems Development Corp.,* 605 F.2d 161, 162 (5th Cir.1979). It is also true that "where there is federal jurisdiction over plaintiff's claim, the Court may retain and adjudicate a cross-claim under Rule 13 of the Federal Rules of Civil Procedure of which it would not otherwise have jurisdiction, notwithstanding that plaintiff has voluntarily dismissed the complaint." 5 Moore's Federal Practice ¶ 41.09 at 41–97 citing *Barker v. Louisiana & Arkansas Ry Co.,* 57 F.R.D. 489 (W.D.La.1972). Here, McKeone did not answer plaintiff's complaint, nor did he file a motion for summary judgment. Instead, he filed a motion to dismiss,[3] which would not preclude plaintiff from voluntarily dismissing him. Moreover, the Bank filed a cross-claim against McKeone to which he an-

swered. Therefore, under the holding of *Barker,* this Court may retain jurisdiction over McKeone to adjudicate the Bank's cross-claim notwithstanding the fact that plaintiff has voluntarily dismissed McKeone. Therefore, the contention that Rule 19 of the Federal Rules of Civil Procedure requires that McKeone be joined is without merit and must fail.

Accordingly, for the reasons stated above, this Court hereby ALLOWS Plaintiff's Motion for Leave to Amend Complaint.

SO ORDERED.

---

**3.** "A motion to dismiss is neither an answer nor, ... a motion for summary judgment[,] and a motion to dismiss does not terminate the right of dismissal by notice." 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2363 (1971).

A motion to dismiss does not raise the merits of a case, unlike an answer or a motion for summary judgment. *But, see, Tele-Views News Co. v. S.R.B. TV Publishing Co.,* 28 F.R.D. 303 (D.Pa.1961) (a motion to dismiss for failure to state a claim upon which relief can be granted, if meritorious, should be regarded as equivalent to a motion for summary judgment). Notwithstanding the *Tele-Views News* case, it is clear that the rulemakers, "have not chosen to broaden the category of motions that defeat dismissal by notice." 9 WRIGHT & MILLER, *supra* at n.

30. *Contrast, Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.1953), *cert. denied* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383. In *Harvey Aluminum,* the court held that plaintiff no longer had the right to dismiss by notice notwithstanding that defendant had not filed either an answer or a motion for summary judgment. However, there had been an extensive hearing lasting several days which produced a record 420 pages in length. During the hearing, the merits of the case were squarely raised.

Other courts have acknowledged the principle of *Harvey Aluminum,* i.e., dismissal by notice is improper after the merits of a controversy have been reached, but few have followed it. *See,* WRIGHT & MILLER, *supra.*