**LEASED OPTICAL DEPARTMENTS– MONTGOMERY WARD, INC., A New Jersey Corporation and U.S. Vision, Inc., A Pennsylvania Corporation, Plaintiffs,**

v.

**OPTI–CENTER, INC. and Donald Gold, j/s/a, Defendants.**

**Civ. No. 85–2879 (R).**

United States District Court, D. New Jersey, Camden Vicinage.

April 12, 1988.

Jonathan Petrakis, Saul, Ewing, Remick & Saul, Marlton, N.J., and Joseph L. Waldrep, pro hac vice, Jerry Buchanan, pro hac vice, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for plaintiffs.

David L. Creskoff, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Cherry Hill, N.J., and Thomas O. Helton, pro hac vice, James R. McKoon, pro hac vice, Caldwell, Heggie & Helton, Chattanooga, Tenn., for defendants.

## OPINION

JEROME B. SIMANDLE, United States Magistrate:

This matter is before the court pursuant to Rules 15(a) & (c), Fed.R.Civ.P., upon plaintiffs' motion for leave to file an amended complaint to state a claim for breach of contract which was allegedly an "obvious" claim implicit in former pleadings. [Plaintiffs' Br. at 2.]

The dispute between plaintiffs and defendants arises from the purchase by plaintiff Leased Optical Departments ("LOD") of 16 optical dispensaries located in Montgomery Ward department stores in Florida and Ohio on July 1, 1981. The closing on this transaction took place on July 22, 1981. There were exchanges of correspondence shortly thereafter in which plaintiffs' former attorney, J.K. Groon, Esquire, alleged to defendants' counsel that defendants Dr. Gold and Opti–Center, Inc. had breached the contract of sale in specified ways (*see* Letter of Groon, September 22, 1981). Thereafter, Dr. Gold, together with Opti–Center, Inc. and others were indicted and convicted of forty (40) counts of Medicare fraud in connection with their previous operation of these optical departments.

The present action was filed on May 15, 1985, in the Superior Court of New Jersey, and it was removed to this court. The complaint alleged that defendants made material and deliberate misrepresentations which induced plaintiffs to enter into the purchase agreement. The alleged misrepresentations were enumerated throughout the complaint. Some of the misrepresentations concerned defendants' allegedly false proclamations of integrity and honesty in these business operations [Complaint ¶ 3], while others concerned concealments about the true status of ownership of furnishings and leasehold improvements, patient records, accounts receivable [*id.* ¶ 2], and pay-raises and secret reimbursements promised to employees, failure to identify employees, failure to disclose licensure violations with state and federal agencies, maintenance of inaccurate business records, and concealment of liens, *inter alia.* [*Id.* ¶ 5.] The single count complaint thus alleged defendants' fraud concerning the purchase agreement, for which reformation, compensatory damages, punitive damages, costs and counsel fees are sought. Inexplicably, breach of contract was not asserted as a second cause of action.

Defendants' answer and counterclaim, filed June 21, 1985, did allege plaintiffs' breach of contract, asserting that plaintiffs breached their obligation to pay Opti–Center the remaining purchase price called for under the July 1, 1981 Agreement, indeed attaching a copy of the Agreement. The plaintiffs/counterclaim-defendants filed their answer to the counterclaim on July 5, 1985, denying the existence of such an obligation due to defendants' fraud; this answer nowhere asserts that defendants breached the agreement.

The proposed amended complaint would restate the original complaint and make grammatical and syntactic improvements, and it would add a Second Count for breach of contract. The defendants allegedly breached their Agreement as stated in ¶ 10 of the proposed Amended Complaint, namely:

a. By selling plaintiffs a business that they knew to be fraught with Medicare fraud;

b. By failing to keep records and books of account of the business in a true, complete, and correct manner, in conformity with generally accepted accounting principles;

c. By failing to convey rights to unpaid and undelivered work in process to plaintiffs for orders received by defendants

prior to July 23, 1981, which work in process defendants represented and warranted to be not less than $64,000;

d. By omitting material facts with respect to the business conveyed to the plaintiffs; and

e. By failing to indemnify and save harmless the plaintiffs from the costs, claims, liabilities, obligations or bills which arose by reason of defendants' operation of the subject business prior to the sale of it to plaintiffs.

The proposed Amended Complaint thus largely recapitulates allegations of breach of contract which were made in pre-complaint correspondence but which have never been directly asserted within the complaint in this three-year-old lawsuit. Furthermore, when plaintiffs served the answer to the counterclaim, they failed to assert defendants' breach of contract as an affirmative defense. They did, however, deny the existence of such an obligation due to defendants' fraud "as particularly delineated in plaintiff's [sic] complaint." Finally, in a Statement of Damages filed November 10, 1987, plaintiffs have set forth each element of damages claimed, with specific reference to each document or source of testimony upon which each allegation is based. This Statement was compelled by Order of the Honorable Joseph H. Rodriguez filed October 19, 1987. The Statement contains plaintiffs' theories of damages for both fraud and breach of contract.

### Discussion of Law

Leave to amend a pleading is "freely given when justice so requires," Rule 15(a), Fed.R.Civ.P. The amendment may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, [or] ... undue prejudice to the opposing party by virtue of allowance of the amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ At the outset we examine the proposed changes to the fraud claim in Court I, in which plaintiffs purport to restate the original complaint. Defendants' objection,

to the effect that new counsel should not have the opportunity in this case to inject their own grammar and syntax, citing *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238, 1244 (7th Cir.1983), lacks merit in this case. The proposed amendment to Count I clarifies and draws focus to plaintiffs' allegations without making substantive changes. It performs the clarifying function envisioned by Rule 15(b), which freely permits amendments to conform to the evidence, and it injects no new cause of action. This sort of pruning and shaping is also encouraged when counsel prepare the Joint Final Pre-Trial Order, restating factual contentions and legal claims, under Rule 16(e) and also the practices of this Court. By advancing this clarifying process to the pleadings stage, the proposed amendment to Count I serves the beneficial needs of trial preparation while causing no known prejudice to defendants. Plaintiffs' motion to amend Count I to clarify the fraud claim will be granted. We turn to the more extensive issue of asserting a new claim for breach of contract in Count II.

The movant has the burden of showing good cause to amend under Rule 15(a). In the present case, new counsel for plaintiff assert that prior counsel simply failed to raise the obvious claim of breach of contract, which is seen as a lesser-included-offense within the fraud allegations which were raised. Plaintiffs assert that the proposed amendment to the pleadings is necessary to more clearly state the contract claim and to frame the issues for trial, arguing that breach of contract is at the heart of this dispute. Plaintiffs claim that no further discovery will be required to prove breach of contract.

Defendants assert that this proposed amendment would require additional discovery at a time when discovery is closed. Defendants argue that plaintiffs' delay is unexplained, and that no specific prejudice need be demonstrated, *citing Rose Hall Limited v. Chase Manhattan Overseas Banking,* 93 F.R.D. 858, 865 (D.Del.1982), because "[u]ndue delay which is not satisfactorily explained is equivalent to bad faith."

Plaintiffs' explanation—the oversight of prior counsel—is not particularly appealing, but it is probably accurate. The contract theory which new counsel would assert has been part of the fabric of this dispute even before the present complaint was filed. The contract was attached to the counterclaim, and defendants asserted plaintiffs' breach of same. One wonders how plaintiffs' prior counsel could have missed this issue.

■ As unimpressive as prior counsel's pleadings were, the court is left with the impression that inadvertence, rather than tactical design, caused the omission of the plaintiffs' contract claim. It would make no sense to assert—as plaintiffs did—the more difficult theory of fraud in the inducement while intentionally omitting the lesser claim of breach of the contract itself. This omission occurred instead through inadvertence.

■ In the absence of bad faith or dilatory motive, and where the lengthy delay is explained by the movant's inadvertence, the inquiry turns to whether this tardy amendment causes undue prejudice to defendant.

Delay alone is not sufficient to deny the motion to amend; there must also be a showing of undue prejudice, *Heyl & Patterson Int'l v. F.D. Rich Housing*, 663 F.2d 419 (3d Cir.1981), *cert. denied*, 445 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1981). The party claiming prejudice "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *Id.* at 426. The Third Circuit has made clear that there is to be a "liberal use of Rule 15 to amend complaints so as to state additional causes of action," *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir.1984), *cert. denied*, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1985). In *Boileau*, the Third Circuit found that the District Court erred in refusing an amendment *ten years* after the complaint was filed, in the absence of demonstrated prejudice to the defense. The commentators agree that delay in seeking the amendment, standing alone, "re-gardless of its length, is not enough to bar [amendment] if the other party is not prejudiced." 3 J. Moore, *Federal Practice* ¶ 15.08[4], at 15–76 & 77. Similarly, as stated in 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1488 at 438–439 (1970 ed.): "In most cases, delay alone is not a sufficient reason for denying leave. However, an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action."

If plaintiffs' delay due to inadvertence in seeking this amendment has caused prejudice to defendants which cannot be cured, then the motion should be denied. Defendants claim prejudicial delay in the following respects, set forth in Defendants' Response at 3:

> Since the filing of this lawsuit over 2–1/2 years ago, Defendants have diligently pursued discovery, motion practice, and trial preparation, all at considerable expense. Defendants have prepared this case in reliance upon this Court's orders, the pleadings filed herein, and the positions taken by the Plaintiffs in this cause. With the case now on track for trial, with discovery closed, and with no explanation for their undue delay, Plaintiffs belatedly seek to materially amend and expand the Complaint. If Plaintiffs are permitted to amend their Complaint, "[t]he pretrial procedure up to this time would be disrupted and delay, waste of time and money, disorder, prejudice and injustice to [Defendants] would necessarily result." *Gaylord Shops, Inc. v. South Hills Shoppers' City, Inc.*, 33 F.R. D. 303, 305 (W.D.Pa.1963) (motion to amend complaint denied).

The court agrees that this case has been prepared essentially as a fraud case, at least with respect to plaintiffs' claims, although the bargain reached in the Agreement is itself integral to the alleged fraud claim. The period for pretrial discovery is concluded, after substantial motion prac-

tice, and the case awaits its date for final pretrial conference and trial.

■ The court agrees that pretrial discovery on contract claims could have been interwoven with the discovery on fraud claims because, as noted, the two theories and their underlying facts are closely related in this case. The time spent on fraud discovery, as substantial as it has been, is hardly wasted effort. Much of the discovery regarding the negotiations, the alleged misrepresentations, and the alleged damages overlaps with the discovery and pretrial preparation necessary to address the contract claim. If the present complaint is amended, it does not appear that substantial additional discovery will be required to address the issues of breach and restitution. Defendants point to no prejudice other than the undeniable fact that considerable expense has been incurred in addressing the plaintiffs' previous allegations, and that additional efforts would be required to address the new contract claim, with the inefficiency entailed by piecemeal discovery. Plaintiffs, on the other hand, suggest that plaintiffs require no further discovery, and therefore the amendment will put no burden upon defendant of responding to any further discovery requests. Moreover, defendants do not claim surprise from this development; they claim the opposite, in fact, asserting that the contract issues were obvious, though never raised.

Under these circumstances, the proper course to cure any prejudice arising from plaintiffs' inadvertent failure to assert the obvious contract claim, in a case which has not yet been scheduled for trial, is to permit the amendment subject to curative conditions.[1] This course recognizes that disputes are to be tried upon the merits where possible, and parties should generally not be precluded by non-intentional failure to clearly raise claims or defenses, where justice so requires and where prejudice arising from the movant's delay is curable.

The recovery of costs—in whole or in part—is "[t]he most common condition imposed on an amending party." 6 Wright & Miller, *supra*, § 1486 at 424 (citations omitted). If the opponent's pretrial preparation to address the amended claim "results in his incurring further expense, the court may order that the amending party bear part or all of it." *Id.; see also Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 599 (5th Cir.1981) and *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir.1980). Although defendants strenuously oppose the present motion, they have proposed, in the alternative, that discovery on the new claim be reopened and that defendants' expenses of such further discovery be borne by plaintiffs.

The court finds that the prejudice accruing from plaintiffs' tardy amendment can be cured by appropriate conditions. The court will permit a brief partial reopening of discovery for defendants to address the new contract claim. Defendants may obtain discovery substantially related to plaintiffs' breach of contract claim under strict timeliness conditions.[2] Any dis-

---

1. *See* C. Wright & A. Miller, *Federal Practice & Procedure* § 1486 at 424:

   The statement in Rule 15(a) that "leave shall be freely given when justice so requires" presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it. The imposition of terms often will further the rule's liberal amendment policy. If the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result from the untimeliness of the amendment, there is no justifiable reason for not allowing it.

2. All written discovery requests shall be served within fifteen (15) days of service of the amend-

ed complaint. Plaintiffs time to serve certified responses is shortened to fifteen (15) days, including answers to expert witness interrogatories, if any, pursuant to Rule 26(b)(4)(A)(i), Fed. R.Civ.P., and including contention interrogatories pursuant to Rule 33(b), Fed.R.Civ.P. Any further factual deposition discovery shall be concluded within sixty (60) days of service of the Amended Complaint. Plaintiffs shall, upon demand, produce any new proposed contract claim expert witness for deposition under Rule 26(b)(4)(A)(ii), at plaintiffs' expense, at a location of defendants' choosing, except that defendants will continue to bear this expert's reasonable fee for actual deposition testimony time, pursuant to Rule 26(b)(4)(C)(i), because manifest injustice does not result from adhering to the usual rule for reimbursement of the other

covery sought by defendants shall be non-cumulative and non-redundant to discovery already obtained. Furthermore, the dates for final pretrial conference and trial will be set to permit ample time.

The court finds it is also necessary to condition this amendment upon a partial shifting of defendants' counsel fees and expenses in connection with this additional discovery. The inefficiency of pretrial preparation caused by plaintiffs' late amendment is partial. If the contract claim had been included in the original complaint, or even in a more timely amendment, defense counsel would necessarily have been required to expend some additional efforts in discovery of the contract claim which would not normally be reimbursable. But for the tardy amendment, defendants' discovery relating to the contract claim could have been obtained in an essentially simultaneous manner with the fraud discovery. Due to plaintiffs' delay, however, the economies of simultaneous discovery have been lost, and piecemeal discovery results.

Recognizing that the plaintiffs' delay causes the partial inefficiency of piecemeal discovery, the court will require plaintiffs to bear one-half of the defendants' reasonable costs and counsel fees expended in connection with defendants' obtaining of discovery from plaintiffs on the contract issue asserted in the Amended Complaint. Such expenses are shifted with respect to discovery only, and not with respect to preparation of the final pretrial order, retention of trial expert witness(es) [other than discovery-related expert expenses, fees and counsel fees as discussed above], dispositive motions, trial briefs, and the like, because the prejudice caused by plaintiffs' tardy amendment is the inefficiency caused in the discovery process rather than in other aspects of trial preparation which would remain to be undertaken whether or not the contract claim were more timely. The partial shifting of discovery expenses will also provide a safeguard against unreasonable discovery efforts, to the extent that defendants must at least bear one-half of their own discovery-related expenses. Plaintiffs shall pay their share of such expenses within thirty (30) days of being furnished with a certified statement of costs and counsel fees incurred as permitted herein, stating the information required by General Rule 46 A, as modified herein, set forth in the margin.[3]

Plaintiffs, having indicated no need to reopen factual discovery regarding plaintiffs' contract claims, will be precluded from doing so as a condition of allowing this amendment. The only exception will be with respect to any defense expert retained for trial in rebuttal to plaintiffs' contract claim, as to whom defendants may be requested to serve answers to expert witness interrogatories;[4] the preclusion of

---

party's expert's deposition fee. Costs of the expert's travel and subsistence, however, shall be borne by plaintiffs to accommodate the defendants' needs for rapid discovery of such expert's opinions. Defendants' counsel fees in connection with the deposition of plaintiffs' new expert will be shifted as provided below for all other discovery-related counsel fees.

3. General Rule 46 A provides in relevant part that counsel seeking reimbursement for services rendered shall serve an affidavit containing:
   1. the nature of the service rendered ..;
   2. a record of the dates of services rendered;
   3. a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service ...;
   4. the time spent in the rendering of each of such services; and
   5. the normal billing rate for each of said persons for the type of work performed.

The time spent by each individual performing services shall be totalled at the end of the affidavit.
Computerized time sheets, to the extent that they reflect the above, may be utilized and attached to any such affidavit showing the time units expended. Reimbursement for actual, not estimated, expenses may be granted if properly itemized.

4. If plaintiffs propound such interrogatories under Rule 26(b)(4)(A)(i), plaintiffs shall be compelled to reimburse one-half of the expert's reasonable fee in responding to this discovery request plus one-half of counsel's reasonable fee in connection therewith, as above. Defendants' time to answer expert interrogatories will be fifteen (15) days after conclusion of factual discovery above, *i.e.*, a total of seventy-five (75) days after service of the amended complaint. This enlarged deadline is meant to give defendants ample time to confront any new expert testimony concerning the contract claim.

additional factual discovery by plaintiffs should not extend to discovery regarding opinions held by a new defense expert witness because such rebuttal opinions should be discoverable to avoid surprise at trial. Plaintiffs are precluded from obtaining defendants' new expert's deposition testimony so long as complete and detailed answers have been provided by defendants to the expert witness interrogatories, together with a curriculum vitae of the proposed expert witness, if any.

The court also finds that plaintiffs' proposed amendment to add this new claim should relate back to the date of filing of the original complaint—May 15, 1985—pursuant to Rule 15(c), Fed.R.Civ.P., as the plaintiffs' claim for breach of contract clearly "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" under this rule.

For the foregoing reasons, subject to the conditions enumerated above, the court will grant plaintiffs' motion and enter an appropriate Order.