Ted **SEVERSON**, Plaintiff and Appellee,

v.

Oscar **SURITA**, Defendant and Appellant.

Civ. No. 930023.

Supreme Court of North Dakota.

Sept. 29, 1993.

Neil W. Fleming, Fleming, DuBois & Trenbeath, Cavalier, for plaintiff and appellee; submitted on brief.

Thomas B. Jelliff, Grand Forks, for defendant and appellant; submitted on brief.

NEUMANN, Justice.

Oscar Surita (Surita) appeals from a judgment entered by the County Court for Pembina County in an action initiated by Ted Severson (Severson) to recover damages for a breach of contract. Severson was awarded judgment in the amount of $1,095.00. On appeal, it is argued that the trial court abused its discretion when it "denied" Surita's oral motion to amend his answer pursuant to Rule 15(a) of the North Dakota Rules of Civil Procedure. We disagree, and therefore we affirm.

On August 3, 1992, Severson served Surita with a summons and complaint. Paragraph III of the complaint stated:

"In August of 1991 the parties agreed that the boxes on their respective trucks be exchanged providing that Oscar Sureta [sic] would pay for the entire cost of the labor and materials."

Surita's answer admitted paragraph III of plaintiff's complaint, but alleged "that the agreement was that the boxes be exchanged at Hart's Manufacturing of Grafton, North Dakota, and that Plaintiff violated the agreement in having the boxes exchanged at Bert's Truck Equipment, Inc., of East Grand Forks, Minnesota."

This breach of contract case came before the Honorable Thomas K. Metelmann, County Judge, for a bench trial in the Pembina County Court on November 6, 1992. On the morning of trial, Surita made an oral motion to the court for leave to amend his answer.

This motion to amend is the basis of this appeal. In support of the motion, Surita claimed that due to a clerical error, the answer had incorrectly admitted the contents of paragraph three of the complaint. He argued that the correct response to paragraph three of the complaint should have read "denies" instead of "admits." Severson opposed this motion to amend, arguing that the effect of granting the proposed amendment would be to materially change the answer. That change would require Severson to call an additional witness, who was not presently available. After listening to oral arguments, the trial court realized that granting the amendment would necessitate a continuance to a later date. After referring to Rule 15 of the North Dakota Rules of Civil Procedure, the court posed to Surita the following options: Surita could proceed with his motion, with the understanding that if it were granted, all costs of the current proceeding, including Severson's attorney fees for the day, would be assessed against Surita; or Surita could proceed to trial under the original answer. After some discussion, Surita reluctantly chose to abandon the motion and proceed under the original answer. The bench trial proceeded and the case was tried under the original pleadings. The trial court awarded Severson judgment in the amount of $1,095.00. This appeal followed.

Surita argues that the trial court abused its discretion and acted arbitrarily and unreasonably when it refused to allow his motion to amend his answer. We disagree. In reviewing the trial transcript, we find that it does not support Surita's contention that there was either a denial or a refusal of the motion to amend. The transcript clearly shows that the trial court heard the motion, advised Surita of the consequences if the motion were to be granted, and proceeded with trial only upon Surita's abandonment of his motion.

■ Rule 15(a) of the North Dakota Rules of Civil Procedure states:

"A party's pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive

pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party's pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Rule 15(a) gives courts wide discretion in matters of amending pleadings after the time for amendment as a matter of course has passed. *See* 6 Charles Wright et al., *Federal Practice and Procedure* § 1486, at 604 (2d ed. 1990); *cf.* N.D.R.Civ.P. 15(a) ("leave shall be freely given when justice so requires"). Orders denying or granting motions to amend, absent a showing of abuse of discretion, are not reversed on appeal. *E.g., Hellman v. Thiele,* 413 N.W.2d 321, 323 (N.D. 1987). We agree with other jurisdictions which have found that Rule 15(a) gives courts the authority to impose conditions, including payment of attorney fees, when granting permission to amend. *See e.g., Leased Optical Departments—Montgomery Ward, Inc. v. Opti–Center, Inc.,* 120 F.R.D. 476, 480–81 (D.N.J.1988) (partial shifting of attorney fees); *Aida Engineering, Inc. v. Red Stag, Inc.,* 629 F.Supp. 1121, 1128 (E.D.Wis.1986) ("An important factor in determining whether to deny a motion to amend because of undue prejudice is whether the prejudice can be eliminated by conditions attached to the granting of the motion."); *Pollux Marine Agencies v. Louis Dreyfus Corp.,* 455 F.Supp. 211, 216 (S.D.N.Y.1978) (costs, including attorney fees); *Thermal Dynamics Corp. v. Union Carbide Corp.,* 42 F.R.D. 607, 608–09 (D.N.H.1967); *Rossi v. McCloskey & Co.,* 149 F.Supp. 638, 641 (E.D.Pa.1957); *see also* 6 Charles Wright et al., *Federal Practice and Procedure* § 1486 (2d ed. 1990) ("The most common condition imposed on an amending party is costs."). *See Wayne–Juntunen Fertilizer Co. v. Lassonde,* 456 N.W.2d 519, 525 (N.D.1990) (interpreting Rule 15(c), "Rule 15, N.D.R.Civ.P., is adopted from Rule

15, F.R.Civ.P., and thus, interpretations by the federal courts, while not mandatory, are highly persuasive and we are guided by them.").

■ The trial court's proposal of imposing the condition of costs in granting Surita's motion to amend was not an abuse of discretion. The record reflects that upon a showing that amending the answer would prejudice the non-moving party, the trial court weighed how the amendment would affect both of the parties, and imposed the condition of costs in order to balance the interests of the party seeking the amendment and the party objecting to it.

■ The trial court was acting within its authority when it informed the moving party of the consequences of the granting of the motion. Even though there may not be a rule of civil procedure which expressly gives trial courts the authority to inform parties of consequences, we acknowledge that in the course of administering justice, trial courts frequently face situations such as this one. With this in mind, the North Dakota Rules of Civil Procedure should be "construed to secure the just, speedy, and inexpensive determination of" the breach of contract action in question here. Rule 1, N.D.R.Civ.P. The actions of the trial court do not appear to have been done with the intent to coerce, but to inform Surita of the consequences of having his motion granted. With this knowledge, Surita was better able to make an informed decision in determining whether to press his motion. While we do not hold that trial courts have a duty to explain the consequences of motions, *see generally* 48A C.J.S. *Judges* § 56 (1981) (extent and limits of authority, powers, and duties of judges), in this case the trial court was acting within its discretionary powers in doing so.

For the foregoing reasons we affirm the decision of the County Court for Pembina County.

VANDE WALLE, C.J., and MESCHKE, LEVINE and SANDSTROM, JJ., concur.